### GREENPORT BASIN & CONSTRUCTION CO. v. UNITED STATES.
### YOUNG v. UNITED STATES.

(District Court, E. D. New York. November 18, 1920.)

1. **Internal revenue ⊙⇒36—Protest before payment unnecessary to refund of excess profits tax.**

   Under Revenue Act 1918, § 252 (Comp. St. Ann. Supp. 1919, § 6336⅛uu), authorizing a refund of the amount paid as excess profits tax above the amount due, notwithstanding the provisions of Rev. St. § 3228 (Comp. St. § 5951), a taxpayer is entitled to refund as a matter of right, without proof of duress or protest.

2. **Internal revenue ⊙⇒38—Computation under compulsion and claim for refund establish protest.**

   A complaint alleging that the excess profits tax was computed under compulsion of invalid regulations of the Commissioner of Internal Revenue and that the taxpayer filed claim for the abatement of the taxes before he paid them, shows compliance with every requisite of the payment under protest, the objects of which are to define the taxpayer's attitude and to notify the government thereof.

3. **Constitutional law ⊙⇒77—Regulations as to computing excess profits tax cannot alter statute.**

   Regulations issued by the Commissioner of Internal Revenue, describing the method of computing the excess profits tax, have no binding force, if they alter, amend, or extend the statute levying the tax.

4. **Internal revenue ⊙⇒25—Deductions not made from income before computing excess profits tax.**

   Under Revenue Act 1917, § 201 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜b), imposing a tax on the net income in excess of the de-

ductions and not in excess of 15 per cent. of the invested capital, and a tax at greater rates on income exceeding 15 per cent., the deductions are to be made only in computing the amount of the tax, not to be made from the net income before computation begins, especially in view of the Revenue Act of 1918, which contained a similar tax, but provided that the amount of deduction exceeding the income taxable at the minimum rate should be allowed from the amount taxable in the second bracket, thereby indicating a construction that there was no provision for such allowance under the law of 1917.

At Law. Separate actions by the Greenport Basin & Construction Company and by Ira M. Young against the United States. On demurrers to the complaints. Demurrers sustained.

Percy L. Housel, of Riverhead, Long Island, N. Y., for the motion. Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y., opposed.

GARVIN, District Judge. These are two actions, each to recover an amount of excess profits tax paid by the plaintiff under the revenue Act approved October 3, 1917. Plaintiff claims that the regulations adopted by the Treasury Department, under which the tax was paid, go beyond the plain intent and meaning of the law. The cases come before the court on demurrers, which involve the same questions of law and are on the following grounds:

(1) That it appears upon the face of the said complaint that the complaint does not state facts sufficient to constitute a cause of action.

(2) That the complaint does not set out facts sufficient to constitute a cause of action against the defendant named herein.

(3) That this court has no jurisdiction of this defendant.

Only the first two need be considered; the defendant having abandoned the third.

[1] It is contended, first, that the complaint is insufficient because it does not allege that the taxes were paid under protest and duress before a cause of action arose. The statute (section 252, Revenue Act of 1918 [Comp. St. Ann. Supp. 1919, § 6336⅛uu) provides:

"That if, upon examination of any return of income made pursuant to this act, the act of August 5, 1909, entitled 'An act to provide revenue, equalize duties, and encourage the industries of the United States and for other purposes,' the act of October 3, 1913, entitled 'An act to reduce tariff duties and to provide revenue for the government, and for other purposes,' the Revenue Act of 1916, as amended, or the Revenue Act of 1917, it appears that an amount of income, war profits or excess profits tax has been paid in excess of that properly due, then, notwithstanding the provisions of section 3228 of the Revised Statutes, the amount of the excess shall be credited against any income, war profits or excess profits taxes, or installment thereof, then due from the taxpayer under any other return, and any balance of such excess shall be immediately refunded to the taxpayer: Provided, that no such credit or refund shall be allowed or made after five years from the date when the return was due, unless before the expiration of such five years a claim therefor is filed by the taxpayer."

Under the act, therefore, the refund is a matter of right, without proof of duress or protest. It has been so held under a similar statute. U. S. v. Hvoslef, 237 U. S. 1, 35 Sup. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286.

[2] Even if it were necessary to plead duress or protest, the petition or complaint sets forth that the defendant computed the tax under compulsion of the regulations and filed a claim for abatement of the taxes assessed before payment. This complies with every requisite of a payment under protest. Chesebrough v. U. S., 192 U. S. 253, 24 Sup. Ct. 262, 48 L. Ed. 432; City of Philadelphia v. Collector, 5 Wall. 720, 18 L. Ed. 614. 'The government urges that it is necessary to make a protest at the time of actual payment, but it seems to the court that this would be a useless requirement. The objects of the protest are to define the taxpayer's attitude and to notify the government thereof. These have been fully accomplished by the objection of the taxpayer when the computation was made and by the filing of his claim.

The second ground of demurrer brings us to the consideration of whether the method of computing the tax was proper. Section 201 of the Revenue Act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜b), which does not appear to have been judicially construed, reads as follows:

"That in addition to the taxes under existing law and under this act there shall be levied, assessed, collected, and paid for each taxable year upon the income of every corporation, partnership, or individual a tax (hereinafter in this title referred to as the tax) equal to the following percentages of the net income:

"Twenty per centum of the amount of the net income in excess of the deduction (determined as hereinafter provided) and not in excess of fifteen per centum of the invested capital for the taxable year;

"Twenty-five per centum of the amount of the net income in excess of fifteen per centum and not in excess of twenty per centum of such capital;

"Thirty-five per centum of the amount of the net income in excess of twenty per centum and not in excess of twenty-five per centum of such capital;

"Forty-five per centum of the amount of the net income in excess of twenty-five per centum and not in excess of thirty-three per centum of such capital; and

"Sixty per centum of the amount of the net income in excess of thirty-three per centum of such capital."

[3] Under articles 16 and 17 of Regulations, No. 41, issued by the Commissioner of Internal Revenue, which describe in detail the method of computing the excess profits tax, the deductions have been made, not from the net income before the computation of the tax, but as a part of the computation. These articles have no binding force, if they alter, amend, or extend the statute. Morrill v. Jones, 106 U. S. 466, 1 Sup. Ct. 423, 27 L. Ed. 267. It is necessary, therefore, to consider the language of the act, in order to ascertain what was intended by Congress.

[4] According to section 201 of the Revenue Act of 1917, supra, a tax is imposed at the rate of 20 per cent. upon "the amount of the net income in excess of the deduction * * * and not in excess of fifteen per centum of the invested capital for the taxable year," etc. While the entire section is not free from ambiguity, the court is of the opinion that, having in mind the necessity of adopting a construction in accordance with the intent of Congress when the act was adopted, that urged by the government must prevail. If it had been the purpose of Congress to have the tax computed as plaintiff contends, the first paragraph of section 201 would have provided for the levy of a tax

"equal to the following percentages of the net income less the deduction determined as hereinafter provided," making no mention of any deduction in the following paragraph.

If the section as it now reads is carefully analyzed, it is apparent that the amount of the net income which is to be taxed at the rate of 20 per cent. is not more than 15 per cent. of the invested capital for the taxable year. But not so much of the net income as is represented by such 15 per cent. is to be so taxed, because there must first be allowed the deduction. The following computation in the case of the Greenport Basin & Construction Company Tax, under Regulations, No. 41, shows how the actual wording of the act is followed under Regulations, No. 41, which are here under attack.

Greenport Case.

Computation of Greenport Basin & Construction Company Tax under Regulations, No. 41.

| Invested capital..........$215,615.55 | Deduction estimated as follows: |
| Income ................... 76,361.20 | 7 per cent. of $215,615.55....$15,093.08 |
| Deduction ............... 18,093.08 | Specific deduction.......... 3,000.00 |
| | $18,093.08 |

Schedule IV.

| Classes of Income | | Income | Deduction. | Balance Subject to Tax. | Rate. | Amount of Tax. |
|---|---|---|---|---|---|---|
| Over. | But Not Over. | | | | | |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| $ 0.00 | 15% inv. cap. | $32,342.33 | $18,093.08 | $14,249.25 | 20% | $2,849.85 |
| 15% inv.cap. | 20% " " | 10,780.77 | None | 10,780.77 | 25% | 2,695.19 |
| 20% " " | 25% " " | 10,780.77 | None | 10,780.77 | 35% | 3,773.27 |
| 25% " " | 33% " " | 17,249.24 | None | 17,249.24 | 45% | 7,762.15 |
| 33% " " | ............. | 5,208.09 | None | 5,208.09 | 60% | 3,124.85 |
| Total ..............$76,361.20 | | | | | | $20,205.31 |

Pro rata for fiscal year: Five-sixths of $20,205.31=$16,837.76.

It is interesting to note, also, that as Congress continued to enact legislation designed to raise moneys for war purposes, the language employed became more specific. That part of the Revenue Act of 1918 which fixed the rates of the tax upon the percentages of the net income is worded substantially like the act under consideration, but has an additional paragraph (section 301 [Comp. St. Ann. Supp. 1919, § 6336⁷/₁₆aa]) which reads as follows:

"(d) In any case where the full amount of the excess profits credit is not allowed under the first bracket of subdivision (a) or (b), by reason of the fact that such credit is in excess of 20 per centum of the invested capital, the part not so allowed shall be deducted from the amount in the second bracket."

While it is quite true that this is not controlling upon the construction of the act now before the court, it illustrates admirably how it would be quite possible for the full amount of the excess profit credit to be in excess of fifteen per centum of the invested capital, in which event

no provision would be made for allowing that part of the credit so in excess, under the law of 1917.

If the foregoing conclusions are correct, the demurrers must be sustained.