## GREENPORT BASIN & CONSTRUCTION COMPANY *v.* UNITED STATES.

ERROR TO AND APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

No. 31. Argued November 17, 1922.—Decided January 2, 1923.

1. A judgment of the District Court in an action against the United States under Jud. Code, § 24, par. 20, to recover taxes paid under protest, is reviewable here by writ of error. P. 514.

2. In computing the excess profits tax imposed by the Act of October 3, 1917, c. 63, 40 Stat. 300, the exaction prescribed by § 201 is to be imposed, in its successive stages, upon the entire net income, except that, from the part of the net income prescribed for the first stage, the allowances made by § 203 are to be deducted. So *held,* where the allowances were less than 15 per cent. of the invested capital. P. 514.

269 Fed. 58, affirmed.

ERROR to and appeal from a judgment of the District Court sustaining a demurrer and dismissing the complaint in an action against the United States to recover taxes.

*Mr. M. Hampton Todd,* with whom *Mr. Percy L. Housel* was on the briefs, for plaintiff in error and appellant.

*Mr. Assistant Attorney General Ottinger,* with whom *Mr. Solicitor General Beck* and *Mr. Charles H. Weston,* Special Assistant to the Attorney General, were on the brief, for the United States.

Mr. Justice Brandeis delivered the opinion of the Court.

The Greenport Company had, in 1917, an invested capital of $215,615.55. Its net income was $76,361.20 in the taxable year ending October 31, 1917. Its prewar annual net income, calculated on a 7 per cent. basis, was $15,093.08; and the fixed statutory deduction $3,000. The company was thus subject (for five-sixth of the year) to the excess profits tax imposed by the Revenue Act of October 3, 1917, c. 63, §§ 201, 203, 40 Stat. 300, 303, 304.[1] The Government, following Treasury Regulation No. 41, Articles 16, 17, and form 1103, assessed the tax at $16,837.76. The company insisted that the correct amount was $12,417.36; paid the tax as assessed, under protest; and brought this suit for the difference, $4,420.40, in the

---

[1] Section 201: " That in addition to the taxes under existing law and under this act there shall be levied, assessed, collected, and paid for each taxable year upon the income of every corporation, partnership, or individual, a tax . . . equal to the following percentages of the net income:

" Twenty per centum of the amount of the net income in excess of the deduction (determined as hereinafter provided) and not in excess of fifteen per centum of the invested capital for the taxable year;

" Twenty-five per centum of the amount of the net income in excess of fifteen per centum and not in excess of twenty per centum of such capital;

" Thirty-five per centum of the amount of the net income in excess of twenty per centum and not in excess of twenty-five per centum of such capital;

45646°—23——33.

federal court for the Eastern District of New York, under the Tucker Act. (Judicial Code, § 24, par. 20.) That court sustained a demurrer to the petition and entered judgment for defendant. 269 Fed. 58. The case is brought here by both writ of error and appeal. It is properly here on writ of error, *Chase* v. *United States*, 155 U. S. 489; *J. Homer Fritch, Inc.* v. *United States*, 248 U. S. 458. The sole question presented for decision is whether the method of calculating the taxes adopted by the Treasury is in harmony with the provisions of the Revenue Act.

The rate of exaction imposed by the excess profits tax grows, in stages, with the increase in the percentage earned on the capital. In the first stage—net income up to 15 per cent. on capital—the rate of exaction is four-twentieth. In the second stage—net income from 15 to 20 per cent.—the rate is five-twentieth. In the third stage—net income from 20 to 25 per cent.—the rate is seven-twentieth. In the fourth stage—net income from 25 to 33 per cent.—the rate is nine-twentieth. In the last stage—net income over 33 per cent.—the rate is twelve-twentieth. What the net income is to which the respective rates of exaction apply is the question for decision. The company contends, in effect, that net in--

"Forty-five per centum of the amount of the net income in excess of twenty-five per centum and not in excess of thirty-three per centum of such capital; and

"Sixty per centum of the amount of the net income in excess of thirty-three per centum of such capital."

Section 203: "That for the purposes of this title the deduction shall be as follows, except as otherwise in this title provided—

"(a) In the case of a domestic corporation, the sum of (1) an amount equal to the same percentage of the invested capital for the taxable year which the average amount of the annual net income of the trade or business during the prewar period was of the invested capital for the prewar period (but not less than seven or more than nine per centum of the invested capital for the taxable year), and (2) $3,000."

come as used concerning each stage, means not the whole net income—but the balance remaining after deducting from the net income the allowance for prewar profits and the fixed deduction. Under this contention the base to which the exactions should be applied would be, not $76,361.20, but that sum less $18,093.08, or $58,268.12. The Government insists that the exaction should be applied to the whole net income, except that from the net income prescribed for the first stage the allowances specifically provided for are to be deducted.[2] The differences in detail resulting from the two methods of calculation are shown in the margin.[3]

---

[2] Treasury Regulation No. 41, Article 17, provided that if the deduction exceeded 15% of the invested capital the amount in excess should be applied to the next succeeding tax bracket and so on until the deduction should be absorbed. Compare § 301 (d) Act of February 24, 1919, c. 18, 40 Stat. 1057, 1089.

[3] Methods of Computation.

| I. GOVERNMENT'S METHOD. | | II. PLAINTIFF'S METHOD. | |
|---|---|---|---|
| First, apportion the net income into the tax brackets: | | First, apply the deduction: | |
| | | $76,361.20 minus $18,093.08 leaves $58,268.12 as taxable income. | |
| Percentages of invested capital | Amount | | |
| (1) 0 to 15% | $32,342.33 | | |
| (2) 15% to 20% | 10,780.77 | | |
| (3) 20% to 25% | 10,780.77 | | |
| (4) 25% to 33% | 17,249.24 | | |
| (5) Above 33% | 5,208.09 | | |
| Total net income | $76,361.20 | | |
| Second, apply the deduction to the first tax bracket: | | Second, apportion the taxable income into the tax brackets: | |
| (1) $32,342.33 minus $18,093.08 leaves $14,249.25. | | Percentages of invested capital | Amount |
| | | (1) 0 to 15% | $32,342.33 |
| | | (2) 15% to 20% | 10,780.77 |
| | | (3) 20% to 25% | 10,780.77 |
| | | (4) 25% to 33% | 4,364.25 |
| | | (5) Above 33% | none |
| | | Total taxable income | $58,268.12 |
| Third, compute the tax: | | Third, compute the tax: | |
| (1) $14,249.25 at 20% | $2,849.85 | (1) $32,342.33 at 20% | $6,468.47 |
| (2) $10,780.77 at 25% | 2,695.19 | (2) $10,780.77 at 25% | 2,695.19 |
| (3) $10,780.77 at 35% | 3,773.27 | (3) $10,780.77 at 35% | 3,773.27 |
| (4) $17,249.24 at 45% | 7,762.15 | (4) $4,364.25 at 45% | 1,963.91 |
| (5) $5,208.09 at 60% | 3,124.85 | (5) none at 60% | none |
| $58,268.12 Total tax | $20,205.31 | $58,268.12 Total tax | $14,900.84 |
| Pro rate (5/6) | $16,837.76 | Pro rate (5/6) | $12,417.36 |

The method of calculation adopted by the Treasury follows the clear language of the act; and its correctness is confirmed by the statement, and the illustrative tables, presented by the chairman of the Ways and Means Committee in submitting the Conference Report on the bill. 55 Cong. Rec., 65th Cong., 1st sess., Part 7, pp. 7580–7593. As the language of the act is clear, there is no room for the argument of plaintiff drawn from other revenue measures. Nor is there anything in *La Belle Iron Works* v. *United States,* 256 U. S. 377, 383–388, which lends support to plaintiff's contention.

*Affirmed.*