**WALSH, Collector of Internal Revenue, v. CAPEWELL HORSE NAIL CO.**

(Circuit Court of Appeals. Second Circuit. February 2, 1925.)

No. 131.

**1. Internal revenue ⬥38 — Voluntarily paid tax not recoverable.**

Tax voluntarily paid may not be recovered.

**2. Taxation ⬥538—Payment without protest by taxpayer who filed appeal for abatement held not voluntary.**

Payment of tax without protest by taxpayer who had filed an appeal for abatement *held* not voluntary, precluding recovery in the absence of a showing that he indicated by his conduct at time of payment that he did not protest, since appeal for abatement is a clear enough expression of dissent.

In Error to the District Court of the United States for the District of Connecticut.

Action by the Capewell Horse Nail Company against James J. Walsh, as Collector of Internal Revenue for District of Connecticut. Judgment for plaintiff (1 F.[2d] 815, 818), and defendant brings error. Affirmed.

Allan K. Smith, U. S. Atty., of Hartford, Conn. (Nelson T. Hartson, Solicitor of Internal Revenue, and T. Ellis Allison, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for plaintiff in error.

Shipman & Goodwin, of Hartford, Conn. (Arthur L. Shipman, of Hartford, Conn., of counsel), for defendant in error.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

HAND, Circuit Judge. The action was at law by a taxpayer to recover from the collector money erroneously collected. It is conceded that the taxes were not due, but the defendant insists that as they were paid voluntarily and without protest, the plaintiff may not recover. The facts appear from the complaint and are as follows: For the year ending December 31, 1916, the plaintiff deducted a certain sum as expense and loss in its operations. The assessing authorities declined to accept this de-

duction and assessed the tax in disregard of the plaintiff's claim. Thereupon the plaintiff filed an appeal for abatement with the commissioner which he denied, and the plaintiff paid the tax as assessed on June 24, 1920, without protest. On January 14, 1921, it filed an appeal for refund with the commissioner which was also denied on March 29, 1922. The same procedure was adopted respecting the assessment of the tax for the year ending December 31, 1917, and this action includes the overcharges for both years.

[1] The question therefore is this: Whether it is sufficient for a plaintiff to file a claim for abatement before paying the collector, or whether in addition he must make a formal protest at the time of payment. We have found no case which exactly touches the point. We of course recognize that the tax once paid voluntarily may not be recovered and so we have recently held in Fox v. Edwards (C. C. A.) 287 F. 669, 34 A. L. R. 973; but the question remains as to what will be a sufficient expression of dissent. The Supreme Court has recently held in Rock Island, etc., Co. v. The United States, 254 U. S. 141, 41 S. Ct. 55, 65 L. Ed. 188, that the appeal for abatement does not dispense with the appeal for refund after payment though the abatement had been denied, and the defendant not unreasonably asks why it is more important to appeal for refund after an appeal for abatement has failed than to indicate your continued dissent by protest when you pay after the same failure.

[2] We think the answer is that the first is a statutory step as to which courts have no discretion, while the second is of judicial creation, as to which they are not so strictly bound. The appeal for abatement is a clear enough expression of dissent from the action of the assessing authorities, and the defendant must rest his case upon the possibility that the decision of the appeal may have brought the taxpayer to an enforced acquiescence, unless he indicates the contrary when he pays. The plaintiff's subsequent appeal for refund in fact shows that he was not content with the ruling on the abatement, but we agree that it cannot serve in place of protest at the time of payment, for in such cases the relevant question is never what the actor thinks, but what he does.

Nevertheless, it seems to us that the matter may be disposed of upon a natural enough presumption. While there are no doubt cases in which the taxpayer assents to the ruling on abatement, they must in fact be rare. In the great majority of cases one who has gone far enough to appeal for abatement does not assent to the ruling when he is beaten, but only pays because he has to. Not being faced with any statutory provision, we feel free to hold that normally the taxpayer's dissent once formally expressed has not subsided, but that his payment is to be taken prima facie as still unwilling. No doubt by his conduct when he pays he may indicate the contrary, but in the case at bar we have only the bare fact of payment after the appeal was denied.

We are somewhat encouraged in this conclusion by the language of the Supreme Court in Greenport, etc., Co. v. U. S., 260 U. S. 512, 43 S. Ct. 183, 67 L. Ed. 370. It is true that that case arose under the Tucker Act, in which no protest or proof of duress is necessary, U. S. v. Hvoslef, 237 U. S. 1, 35 S. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286; the refund being based upon the Act of July 27, 1912 (37 Stat. 240), which changed the earlier rule laid down in U. S. v. N. Y. & Cuba Mail S. S. Co., 200 U. S. 488, 26 S. Ct. 327, 50 L. Ed. 569, and Cheseborough v. U. S., 192 U. S. 253, 24 S. Ct. 262, 48 L. Ed. 432. Therefore, as the defendant argues, Greenport, etc., Co. v. U. S., supra, did not raise the question and it is possible that the language of the opinion was inadvertent in stating that the company had paid the tax under protest, though this had been deliberately held obiter in the court below, 269 F. 58, 60. Our own decision in Fox v. Edwards, supra, is certainly not in point; although that was an action against the collector the taxpayer made a mistake in his return and paid the whole tax, acting on his own erroneous notion of the law. It was only at the end of two years that he filed an amended return, in which he deducted a loss he had not originally claimed. As he paid without indicating a protest of any kind the case was the ordinary one of a voluntary payment.

Although the point is a new one, we agree with the learned District Judge, and the judgment is affirmed.