**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald James FISHER, Defendant-
Appellant.**

**No. 71-1420.**

United States Court of Appeals,
Tenth Circuit.

March 15, 1972.

W. Allen Spurgeon, Asst. U. S. Atty.,
Denver, Colo. (James L. Treece, U. S.
Atty., Denver, Colo., on the brief), for
appellee.

Charles Goldberg, Denver, Colo., for
appellant.

Before SETH and BARRETT, Circuit Judges, and MECHEM *, District Judge.

BARRETT, Circuit Judge.

On December 3, 1970 Fisher was convicted on Count II of a three-count indictment for knowingly failing to keep his local draft board advised of an address where mail would reach him from June, 1969 until December, 1970. 50 U. S.C. App. § 462(a). The Court directed a verdict of acquittal on Counts I [1] and III [2].

Fisher registered with the Selective Service System in July, 1965. He listed his address as 2811 Arapahoe Street, Denver, Colorado. In 1967 Fisher wrote the board that his current mailing address was 2395 Kearney Street, Denver. On October 29, 1968 he wrote the board that his mailing address was 2510 Williams Street, Denver. These mailing address changes were noted on the cover sheet of his file.

On March 17, 1969, a woman phoned Fisher's local board. She related that Fisher was then living at 2131 East 21st Avenue, Denver. On March 19, 1969, a man identifying himself as Fisher phoned the local board. Fisher said that he was living at 2131 East 31st Avenue, Denver. Fisher did not testify at the trial.

It is unclear from the record whether the board mailed any forms to the 31st Avenue address. On March 26, 1969 a form was mailed to Fisher at the 21st Avenue address. It was not returned to the board. On June 13, 1969 a form was mailed to Fisher at the Williams Street address. It was returned, marked "No Such Number". The form was remailed on June 18 to the 21st Avenue address. It was not returned. The board did not use Fisher's 21st Avenue or 31st Avenue addresses again. All board forms after date of June 18, 1969, were mailed to Fisher at the Williams Street address or the Kearney address. The forms sent to the Williams Street address were returned marked "Address Unknown" and the forms sent to the Kearney address were not returned.

Mrs. Degginger, secretary of the local board, testified that Fisher's "legal" address was 2510 Williams Street because it was the last change submitted by Fisher to the board in writing. The phone calls of March 17th and 19th were not considered "legally" sufficient by the local board to justify their placement on the cover sheet of the file for future mailings. Mrs. Degginger stated that Fisher had not notified the board of a change of his address since October, 1968, notwithstanding the two phone calls of March, 1969.

The Court considered and treated Selective Service Regulations 1641.3 [3] and 1641.7 [4] together as applicable to Count II. These regulations were issued pursuant to 50 U.S.C. App. § 462(a). The Court considered these regulations

---

* Of the District of New Mexico, sitting by designation.

1. Count I charged Fisher with failing to report for a physical examination.

2. Count III charged Fisher with failing to keep his local board informed of his current status.

3. 32 C.F.R. § 1641.3 provides:
 *It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him.* The mailing of any order, notice, or blank form by the local board to a registrant *at the address last reported by him* to the local board shall constitute notice to him of the contents of the com-munication, whether he actually receives it or not. (Emphasis ours).

4. 32 C.F.R. § 1641.7(a) provides:
 *It shall be the duty of every classified registrant to keep his local board currently informed* of his occupational, marital, family, dependency, and military status, of his physical condition, *of his home address,* and of his receipt of any professional degree in a medical, dental, or allied specialist category. Every classified registrant shall, within 10 days after it occurs, *report to his local board in writing* every change in such status and in his physical condition and *home address* and his receipt of any professional degree. (Emphasis ours).

*in pari materia* and accordingly instructed the jury that the law requires a registrant to report to his local board *in writing* a change of address where mail will reach him.

Fisher contends that: (1) the trial court erred in reading Selective Service Regulations 1641.3 and 1641.7 *in pari materia* in arriving at the conclusion that 1641.3 can only be fulfilled in writing; and (2) as a matter of law, he cannot be guilty of a knowing and willful failure to comply with 1641.3 in light of his efforts to comply with the law through oral communications.

Fisher was convicted on Count II, a violation of Selective Service Regulation 1641.3 which is incorporated by 50 U.S.C. App. § 462(a). Count III charged a violation of Regulation 1641.7.

 We agree that it was error for the trial court to instruct the jury that Count II requires that a registrant submit a written communication of his current mailing address to the board. Regulations 1641.3 and 1641.7 cannot be considered and read *in pari materia*. Only by doing so could the Court conclude that the address at which the registrant could be reached by mail must be submitted by the registrant in writing. The two regulations are distinct. They cannot be incorporated. Regulation 1641.3 refers to an *address where mail will reach the registrant*. Nothing therein expressly refers to a written communication. Regulation 1641.7, which refers, inter alia, to a *home address*, expressly requires a written communication. "Home address" and "address where mail will reach him" are not synonymous. Smith v. Whiting, 55 Or. 393, 106 P. 791 (1910).

██ It is a general rule that regulations and statutes must be construed in favor of the accused and cannot be enlarged by judicial construction beyond the language used. United States v. Boston & Maine Railroad, 380 U.S. 157, 85 S.Ct. 868, 13 L.Ed.2d 728 (1965); United States v. Resnick, 299 U.S. 207,

57 S.Ct. 126, 81 L.Ed. 127 (1936); Farmer v. United States, 128 F.2d 970 (10th Cir. 1942). Regulation 1641.3 does not require a written communication. Regulation 1641.7 cannot be read *in pari materia* with Regulation 1641.3 inasmuch as Regulation 1641.3 is unambiguous and clear on its face. Greenport Basin & Construction Company v. United States, 260 U.S. 512, 43 S.Ct. 183, 67 L.Ed. 370 (1923).

 The trial court properly took judicial notice of the subject federal executive department regulations which were promulgated pursuant to 50 U.S.C. App. § 462(a). As such they have the force of public statutes, enacted in the public interest. When their violation results in criminal prosecution they must be interpreted strictly in keeping with the doctrine of the presumption of innocence, which is synonymous with the reasonable doubt rule. The doctrine requires that all doubts must be resolved in favor of the accused. It is fundamental that there are no constructive criminal offenses and that the court cannot make that act a crime which is not within both the letter and spirit of a penal statute. United States v. Alpers, 338 U.S. 680, 70 S.Ct. 352, 94 L.Ed. 457 (1950); Fasulo v. United States, 272 U.S. 620, 47 S.Ct. 200, 71 L.Ed. 443 (1926); Arnold v. United States, 115 F.2d 523 (8th Cir. 1940). Clear and unambiguous provisions in a statute must prevail over a construction to the contrary apparently indicated by another statute dealing with the same general subject matter enacted at the same time.

The trial court, in effect, attempted to cure an administrative oversight and deficiency in Selective Service Regulation 1641.3. In keeping with the rule that penal statutes are to be strictly construed in favor of the accused, the test here is whether the evidence proved beyond a reasonable doubt that Fisher was guilty of knowingly violating Regulation 1641.3 as formally charged. Garner v. Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961); Cole v. Arkansas,

333 U.S. 196, 68 S.Ct. 514, 92 L.Ed. 644 (1948); Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940).

The Government points out that Fisher received SSS Form 100, a Classification Questionnaire, in 1965 and that he filled it out. The form instructed and directed Fisher as follows:

> "The law also requires you to notify your local board *in writing*, within ten days after it occurs, of (1) *every change in your address*, physical condition and occupational, marital, family, dependency and military status, and (2) any other fact which might change your classification." (Emphasis ours).

The Government contends that the Instruction quoted above considered with Regulation 1641.3 placed an affirmative duty on Fisher to advise his local board in writing of an address where mail would reach him.

■ 50 U.S.C. App. § 462(a) imposes penal sanctions against any person guilty of knowing failure to comply with its provisions, *"or the rules or regulations made or directions given thereunder."* (Emphasis ours). The Instruction given with SSS Form 100 is a "direction given thereunder". However, the language of the Instruction is so consistent with the language contained in Regulation 1641.7(a) that it cannot be held to relate to Regulation 1641.3.

Bartchy v. United States, 319 U.S. 484, 63 S.Ct. 1206, 87 L.Ed. 1534 (1943) interpreted 32 C.F.R. § 1641.3 as follows:

> "The regulation, it seems to us, is satisfied when the registrant, in good faith, provides a chain of forwarding addresses by which mail, sent to the address which is furnished the board, may be by the registrant reasonably expected to come into his hands in time for compliance." 319 U.S. at 489, 63 S.Ct. at 1208.

> "[It does not] . . - require a registrant who is expecting a notice of induction to remain at one place or to notify the local board of every move

or every address, even if the address be temporary." 319 U.S. at 488, 63 S.Ct. at 1208.

We cannot determine from this record whether Fisher did in fact, and in good faith, provide a chain of forwarding addresses to the board by which mail, sent to the addresses furnished, may have been reasonably expected by Fisher to come into his hands in time for compliance.

Reversed.