**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Howard MUNNS, Defendant-
Appellant.**

**No. 71–1848.**

United States Court of Appeals,
Ninth Circuit.

March 16, 1972.

Rehearing Denied April 19, 1972.

Martha Goldin, (argued) of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

William G. Hawes, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., and Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, WRIGHT and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

After conviction on two counts, (1) failure to report for induction and (2) failure to notify his local board of a

change in his home address (50 U.S.C. App. § 462), Munns appeals. We affirm the conviction on the second count.

Appellant was registered with a local board in North Hollywood, California. An order to report for induction was mailed on June 19, 1970 to his parents' home and received by him there prior to the reporting date, July 7, 1970. He left for Canada on the first of July and did not report as ordered.

His mother sent a letter to the board on August 6, advising that Munns had left the country to establish residence in Canada. The board next received a letter on August 17, mailed from Ottawa but without a return address, in which Munns wrote, "I felt I would not be making my constructive contribution to society in a prison or labor camp."

Another letter reached the board on September 11, 1970. In it Munns advised the board of his new address in Ottawa and expressed his unwillingness to serve in the armed forces of the United States. He also said he was in the process of acquiring permanent Canadian residence. This letter was apparently in response to a visit from an agent of the Federal Bureau of Investigation who had located and interviewed him.

On October 15, 1970, the board ordered Munns to report for induction on November 9, 1970, the order being mailed to the Ottawa address supplied by Munns. It was returned marked "Moved, address unknown."

On November 30, 1970, the board received a final letter from Munns informing the board that he was again at his parents' address in California.

It was stipulated that an FBI agent interviewed Munns in California on November 20, 1970. Munns stated that he had been in Canada between July 6 and November 2, 1970; that the Ottawa address, of which the board had been informed on September 11, was no longer valid after September 15; and that mail sent to that address would not have reached him after the later date.

50 U.S.C. App. § 465(b) provides:

"It shall be the duty of every registrant to keep his local board informed as to his current address and changes in status as required by such rules and regulations as may be prescribed by the President."

Pursuant to this statutory authorization, two regulations requiring registrants to inform their local boards of their whereabouts have been promulgated.

32 CFR § 1641.3 provides:

"It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him."

32 CFR § 1641.7(a) provides:

"It shall be the duty of every classified registrant to keep his local board currently informed . . . of his home address. . . . Every classified registrant shall, within 10 days after it occurs, report to his local board in writing every change in . . . home address. . . ."

Munns was charged under the latter regulation. He attacks it, and the indictment charging his violation, as being (1) vague, (2) unauthorized by the statute, and (3) inconsistent with existing case law. He also maintains that the evidence adduced by the government, and summarized above, was insufficient to sustain the conviction on the second count.

■ Munn's first contention is that the term "home address," as used in 32 CFR § 1641.7 and in the indictment, is too vague. He argues that it is not clear whether the regulation covers any temporary residence or only a domicile, i. e., a residence in which one is living with an intent to reside indefinitely or permanently.

While we recognize that "home address" may not always be clear in every context, there is no problem in its application to Munns. It is clear from the record that Munns went to Canada with the intention of seeking permanent residence and was residing there with the

intention to remain permanently. Thus he was domiciled there and obligated under the regulation to furnish the board with his new home address.

Second, Munns argues that the statute does not authorize 32 CFR § 1641.7. His theory is that "current address" in 50 U.S.C. App. § 465, quoted above, means only current *mailing* address, and that the board can only require the registrant to keep it informed of his mailing address. He argues that sound policy recognizes that the interests of the board are sufficiently provided for if the board is able to reach the registrant by mail.

We cannot agree with such a narrow reading of the statute. The regulation requiring the registrant to keep the board informed at all times of a mailing address is valid, Bartchy v. United States, 319 U.S. 484, 63 S.Ct. 1206, 87 L.Ed. 1534 (1943); but it is not the limit of the board's authority. The board legitimately needs to know as well where the registrant is actually residing.

In the interest of efficient administration of the selective service system, the board may wish to transfer a registrant's records, personal appearance, physical examination, or induction to the place where he is living. It could not do so without knowing where he is.

The board also has a legitimate interest in knowing whether the registrant is residing inside the country or living abroad. *See* 32 CFR § 1621.16.

Thus the legitimate needs of the local board, as well as deference to the administrative interpretation of the authorizing legislation, Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945), militate against the narrow reading of the statute. We decline to adopt it.

Third, Munns argues that existing case law forecloses the enforcement of this regulation. He relies on cases construing 32 CFR § 1641.3. Venus v. United States, 368 U.S. 345, 82 S.Ct.

384, 7 L.Ed.2d 341 (1961), rev'g 287 F.2d 304 (9th Cir. 1960) ; Ward v. United States, 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711 (1953), rev'g 195 F.2d 441 (5th Cir. 1952) ; Bartchy v. United States, *supra*; United States v. Ebey, 424 F.2d 376 (10th Cir. 1970). *Cf.* Kokotan v. United States, 408 F.2d 1134 (10th Cir. 1969). These cases hold generally that § 1641.3 is satisfied "when the registrant, in good faith, provides a chain of forwarding addresses by which mail, sent to the address which is furnished the board, may be by the registrant reasonably expected to come into his hands in time for compliance." *Bartchy* 319 U.S. at p. 489, 63 S.Ct. at p. 1208.

The board did not try to communicate with Munns through his family after his mother's letter of August 6, 1970. Munns testified that he was in fact in touch with his parents by telephone throughout his stay in Canada. He argues that the above cases compel reversal in light of his testimony that he remained in contact with his family.

Munns was not charged with failure to provide a mailing address to the board, though there would be serious question whether he did so. Rather he was charged with failure to keep the board informed of his home address. These are separate obligations required by different regulations. A registrant might provide the board with a mailing address and still fail to keep the board informed of his home address. Thus these cases do not mandate reversal.

Finally, in determining the sufficiency of the evidence to sustain the conviction, we construe the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942) ; United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969) ; Kaplan v. United States, 329 F.2d 561 (9th Cir. 1964). Applying this standard to the evidence as we have summarized it, it is clear that the trier of fact could have found that Munns was domiciled in Canada from July 6 to November 2; and

**274**

that, except for the short period from September 11 to 15, he did not provide his board with his home address there. We find this to be clearly sufficient to sustain the conviction on this count.

Since the sentences on both counts were equal and concurrent, we do not consider the issues raised under the other count.

Affirmed. The mandate shall issue forthwith.