**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Von Paul READ, Defendant-Appellant.**

**No. 71-2430.**

United States Court of Appeals, Ninth Circuit.

Aug. 14, 1972.

M. John Bundy (argued), of Houger, Garvey, Schubert & Barnes, Seattle, Wash., for defendant-appellant.

Charles F. Mansfield, Asst. U. S. Atty. (argued), Susan L. Barnes, Asst. U. S. Atty., Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before CARTER and GOODWIN, Circuit Judges, and BATTIN*, District Judge.

JAMES M. CARTER, Circuit Judge:

Appellant was convicted in a court trial and sentenced to a two-year term of imprisonment for knowingly failing to keep his local board advised of an address where mail would reach him for the period of May 9, 1968 to June 8, 1970, in violation of 50 U.S.C. App. § 462 and 32 C.F.R. § 1641.3. His appeal raises only the question of the sufficiency of the evidence to support the conviction.

The Selective Service file, received into evidence, showed that appellant registered with Local Board No. 2, Seattle, Washington, on or about June 28, 1967. The initial questionnaire, filled out by appellant, advised him that the law required him to advise the board in writing of every change of address within ten (10) days. At that time appellant gave as his address, 1917 Eastlake, Apt. K, Seattle, Washington, and listed his

* Honorable James F. Battin, United States District Judge, District of Montana, sitting by designation.

mother as always knowing his address. On August 29, 1967, appellant advised his board that his current address was 4416 Sunnyside North, Seattle. This was an address of a girlfriend. He continued to also list his mother as a person who would always know of his address. He listed his occupation as "Transient" and in parentheses noted that he could not be sure of his mother knowing where he was at all times.

On February 12, 1968, appellant advised his board that his current address was 1401 Boat Street. He deleted his mother's name and substituted one Ken Fries as the person always knowing his address.

Hans von der Hofen, landlord of the residence shown in appellant's Selective Service file as his address on February 12, 1968, was called as a witness. He testified that his records reflected that appellant rented a moorage from him on November 27, 1967 and left the 9th of May, 1968. The address was 1401 Northwest Boat Street. His records reflect no forwarding address was given when appellant left May 9th and that appellant never returned to that address.

The Selective Service file also showed the following:

On June 4, 1968, an order to report for a physical examination was mailed to appellant at the Boat Street address. The letter was returned by the Post Office, marked "Moved, left no address." On July 2, 1968, the board wrote Ken Fries, the one listed by appellant in February 1968 as the person always knowing his address. The Fries letter was returned marked "Address unknown."

On July 26, 1968, the board sent a delinquency notice to the appellant at the Boat Street address and on September 23, 1968, an order to report for induction was mailed to appellant at the Boat Street address. Both were returned, marked "Moved, left no address."

On October 1, 1968, the board wrote to appellant's mother, Mrs. Owens, requesting information as to her son's address, indicating his current address in the board's file was the Boat Street address. She replied, "I do not know his current address." The defendant was thereafter, on October 25, 1968, referred to the United States Attorney as delinquent.

After his arrest, appellant, on May 27, 1971, gave the board a current address as 4456–27th Avenue West, Seattle, the first change since February 12, 1968.

Appellant testified at the trial. He confirmed generally that the addresses he listed were accurate at the time given and that Hofen's testimony was correct in that he ceased to live at the Boat Street address May 9, 1968. He testified he left Seattle, and traveled for awhile to Canada, California, New Mexico, and "all around." He testified that "no one was ever sure of my address as far as that goes during that time (June–December 1968) because, like I say, I went to New Mexico and Canada and actually then during that time I wasn't actually seeing my mother because of my stepdad. I wasn't having anything to do with my family."

He testified he was back in Seattle, Washington, early in 1969, and then on Orcas Island in the summer. In September 1969 he went to New York but returned in November. In January 1970, he moved to Bellingham, Washington, for several months. He got employment and food stamps there. After that he hitchhiked back and forth across the mountains getting jobs and finally back to Bellingham. During the winter of 1970 and on into spring, 1971, he was in Colorado, where he was arrested in March 1971.

Appellant testified he never advised the draft board of his address between February 12, 1968 and May 27, 1971. Appellant admitted he knew the Federal Bureau of Investigation was looking for him in the spring of 1970, but did nothing about it.

On this record the trial court made a finding as follows:

"Beginning on or about May 9, 1968, and continuing thereafter to on or about

June 8, 1970, the defendant knowingly failed to keep his local board advised at all times of the address where mail would reach him."

Appellant contends that the evidence fails to prove the elements of intent and fails to show appellant did not make a good faith attempt to keep a mail line open from his draft board through his mother.

Appellant relies on Bartchy v. United States, 319 U.S. 484, 63 S.Ct. 1206, 87 L.Ed. 1534 (1943); Ward v. United States (5 Cir. 1952) 195 F.2d 441, reversed per curiam, 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711 (1953); and Venus v. United States (9 Cir. 1961) 287 F.2d 304, reversed per curiam, 368 U.S. 345, 82 S.Ct. 384, 7 L.Ed.2d 341 (1961). The cases are distinguishable.

In *Bartchy* the registrant was convicted of failing to keep his board advised of his address for a short period in February and March. The registrant, in anticipation of receiving mail from his board, made arrangements to have his mail forwarded through his employer. The employer's address was supplied the board but the employer was amiss in handling registrant's mail. It was not forwarded.

The court stated that a registrant's duty is met when ". . . [T]he registrant, in good faith, provides a chain of forwarding addresses by which mail, sent to the address which is furnished the board, may be by the registrant reasonably expected to come into his hands in time for compliance." 319 U.S. at 489, 63 S.Ct. at 1208.

In *Ward, supra,* the period involved was from March 30, 1951 to May 31, 1951. The court noted the record did not support the charge that during this period "there was deliberate purpose on the part of Petitioner not to comply with the Selective Service Act or the regulation issued thereunder." The facts (from the circuit opinion) show that Ward had moved his residence during this period but had given the board his employer's address. He presented

evidence that mail did reach him at his employer's address during the period in question and apparently contended the board's notices would also have reached him, had the board inquired or sent the notices in care of his employer. The court thus found no evidence of a deliberate purpose not to comply with the Act, in substance no bad faith.

In *Venus, supra,* the registrant was convicted of failing to keep his board advised of his address on *one day* in February 1955. He testified he mailed a change of address to the board in February 1955, but the board's record showed no receipt of it. No evidence was presented refuting his claim. Moreover, no mailings were made to him by the board in February 1955. But other mail to his parents' address, listed by him as the place where he would always be reached, was received even after they moved to another address in the middle of February.

The Ninth Circuit has summarized the Supreme Court cases, *supra,* and United States v. Ebey (10 Cir. 1969) 424 F.2d 376 by quoting the above passage from *Bartchy* concerning a claim of forwarding addresses. United States v. Munns (9 Cir. 1972), 457 F.2d 271. See, Kokotan v. United States (10 Cir. 1969) 408 F.2d 1134.

■ Although appellant was charged only with failing to keep the board advised of his address where mail would reach him, for the period of May 1968 to June 8, 1970, the total period running from February 12, 1968 to May 27, 1971 was in excess of three years. The time beyond that alleged in the indictment could have been considered by the trial judge as additional evidence on the issues of appellant's willful failure to comply and whether he had made a good faith mistake.

■ The trial court's finding of appellant's knowing failure to keep his board advised of an address where mail would reach him was fully supported by the evidence.

The judgment is affirmed.