**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward Louis COTTLE, Defendant-Appellant.**

**No. 72-2099.**

United States Court of Appeals, Ninth Circuit.

Dec. 29, 1972.

Rehearing Denied Feb 5, 1973.

**1038**

Edward Louis Cottle, in pro. per.

Dwayne Keyes, U. S. Atty., Bruce Babcock, Jr., Asst. U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before KOELSCH, CHOY and GOODWIN, Circuit Judges.

PER CURIAM:

Cottle appeals from a conviction for making a false statement in acquiring a firearm (18 U.S.C. § 922(a)(6)) and for possessing a firearm after having been adjudicated mentally incompetent (18 U.S.C. App. § 1202(a)(3)).

When Cottle purchased an M-1 carbine, he indicated on the required form that he had never been committed to a mental institution. Some three years earlier, the Superior Court of Yolo County, California, had "ordered, adjudged, and decreed that Edward Louis Cottle is a mentally ill person, and that said person * * * [b]e committed to the Department of Mental Hygiene for placement in a state hospital * * *." Cottle now contends, however, that he was not committed within the meaning of the federal law because he was released from the state hospital before he exercised his right under California law to a jury trial on his competency. The contention is without merit.

A state court of competent jurisdiction found Cottle mentally ill and ordered him hospitalized. He spent ten days in the state institution. This was a commitment. Cottle falsely stated that he had not been committed. Congress intended to keep firearms out of the hands of persons who had been committed, and to punish those who falsely attempted to buy firearms after being committed.

Since Cottle was sentenced to probation on each count, the concurrent sentence rule makes it unnecessary to consider his attack on the jury verdict with respect to the second count. *See* United States v. Egger, 470 F.2d 1179, 1181 (9th Cir. 1972); United States v. Munns, 457 F.2d 271, 274 (9th Cir. 1972).

Affirmed.