**UNITED STATES of America,**
**Appellee,**

v.

**Larry Keith RAUCH, Appellant.**

**No. 73–1555.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1973.

Decided Jan. 23, 1974.

Robert H. Laden, Des Moines, Iowa, for appellant.

Keith E. Uhl, Atty., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before GIBSON and ROSS, Circuit Judges, and SMITH,* Senior District Judge.

GIBSON, Circuit Judge.

Larry Keith Rauch was convicted by a jury of violating 50 U.S.C. App. § 462, by failing to keep his local draft board informed of his home address and/or his occupational status as required by 32 C. F.R. § 1641.7(a). The Honorable William C. Stuart, District Judge for the Southern District of Iowa, suspended execution of a two-year sentence and placed the defendant on three years probation, conditioned on serving in a civilian job similar to those assigned to conscientious objectors.

The defendant registered under the Selective Service System October 3, 1966. On his Classification Questionnaire he gave his mailing address as 6221 N.W. 100th Street, Grimes, Iowa. On the Selective Service Registration Card, SSS Form 1, he gave his place of residence as the above address. This

---

* The Honorable Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

card was completed at the time of registration. Defendant was classified 1–S(H) until June, 1967, his expected date of graduation from high school. May 24, 1967, the defendant informed the local board of an address change to 5000 Park Avenue, Des Moines, Iowa.

His communication difficulties with the draft board began in June, 1967. The Board during June mailed a current information questionnaire to the 5000 Park Avenue address; this was not returned. In July, 1967, the Board reclassified the defendant 1–A. His classification notice and the notice of his rights to a personal appearance and appeal were mailed July 25, 1967, to the 5000 Park Avenue address. They were returned July 31, 1967, annotated "not at this address." The Board remailed these July 31, 1967, in care of Mr. Robert Baker, 6221 N.W. 100th Street, Grimes, Iowa. Mr Baker had been listed as the person who would always know defendant's address; this address was also the place of residence given on the SSS Form 1 at the time of registration. However, Mr. Baker did not "always" know defendant's address; the forms were returned marked "moved, left no address" and were then remailed to Teresa West, the defendant's mother, 3412 E. 35th Street, Des Moines, Iowa, and were not returned.

In March, 1968, the defendant was ordered to report for a pre-induction physical examination. This notice was mailed to the 5000 Park Avenue address, returned to the Board, and remailed in care of Robert Baker, who returned it as "moved, left no address." The defendant testified that he received no communications from his draft board after May, 1967. The record also establishes that the defendant was not at any of the addresses given to the draft board, even though it does not indicate the defendant's whereabouts from June, 1967, until April, 1970, when he left for South Africa. Although the local board tried diligently to communicate with the defendant through the addresses he had given, it was unable to do so. The defendant

was ordered to report for induction in October, 1970, and when he failed to report, his case was referred to the United States Attorney for prosecution. The indictment in this case was returned June 23, 1971. However, defendant did not return to the United States from South Africa until April, 1973. Count I of the indictment alleging a failure to report for induction was dismissed on motion of the Government at trial.

The defendant argues that there was a variance between the indictment and the Government's proof at trial. Defendant was charged with a violation of 32 C.F.R. § 1641.7(a) (1972) which provides:

It shall be the duty of every classified registrant to keep his local board currently informed of his occupational * * * status * * * [and] of his home address. * * * Every classified registrant shall, within 10 days after it occurs, report to his local board in writing every change in such status * * * and home address * * *.

It is the defendant's contention that the Government mistakenly tried him as though he were charged with violating 32 C.F.R. § 1641.3 (1972) which provides:

It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him. * * *.

■ The two regulations, § 1641.7(a) and § 1641.3 are separate and distinct, and a violation of one does not establish a violation of the other. United States v. Chudy, 474 F.2d 1069, 1070 (9th Cir. 1973); United States v. Munns, 457 F.2d 271, 273 (9th Cir.), cert. denied, 409 U.S. 871, 93 S.Ct. 199, 34 L.Ed.2d 121 (1972); United States v. Fisher, 456 F.2d 1143, 1145 (10th Cir. 1972). This does not mean that the two offenses may not have common elements of proof at trial.

Section 1641.3 requires the registrant to provide, in good faith, an address through which communications from his

local board may be expected to reach him in time for compliance. Bartchy v. United States, 319 U.S. 484, 489, 63 S. Ct. 1206, 87 L.Ed. 1534 (1943); United States v. Burton, 472 F.2d 757, 763 (8th Cir. 1973). Section 1641.7(a) requires that the registrant keep the local board informed of where he is actually residing. United States v. Munns, *supra*, 457 F.2d at 273.

While it is true that the prosecutor at times referred to defendant's mailing address at trial, this was not in an attempt to show a § 1641.3 violation or confuse the issues in the case, but was necessary to establish which of the addresses contained in the defendant's Selective Service file was his home address. No mention of § 1641.3 was made at trial and the Court fully and satisfactorily instructed the jury as to the difference between a mailing address and home address, and the elements the Government must prove to establish a § 1641.7(a) violation. There was no variance between the indictment and proof at the trial.

Defendant also contends that the Government failed to establish the elements of the offense. The Government's proof[1] established that the defendant did not communicate any change of address to his local board after May, 1967. The Government established that the defendant was not at any of the addresses given the draft board and showed the fruitless attempts to locate the defendant. There was evidence indicating that at some time defendant was in Indiana and that he was in South Africa from April, 1970, until April, 1973. From this evidence the jury could conclude

that defendant's home address had changed during the period covered by the indictment (July 31, 1967, to June 23, 1971) and that defendant failed to notify the Board of this change as required by § 1641.7(a).

Defendant's testimony indicated that he realized he should have informed the Board of his change of address, and that he was aware of an outstanding induction order early in 1971, but he made no effort to communicate with the local board at that time. This was adequate to support the jury's finding of the requisite deliberate purpose not to comply with the regulation. The Government offered substantial evidence from which the jury could and did conclude that the essential elements of the offense were established.

Lastly, defendant argues that the provisions of § 1641.7(a) must be violated cumulatively and not in the alternative. In other words, not only must the defendant have failed to inform the Board of a change in his home address, he must also have failed to inform them of a change in his occupational, family, marital, dependency and military status, a change in his physical condition, and of his receipt of a degree in a medical or allied health field before he can be found to have violated § 1641.7(a). This contention is frivolous and is beyond the spirit, the intention, and even the literal language of the regulation. The key directive of the regulation is that "every change" shall be reported. None of the courts affirming convictions under § 1641.7(a) has read the regulation to require a cumulative violation.[2]

Judgment of conviction affirmed.

---

1. We must view the evidence in the light most favorable to the verdict of the trier of fact, accepting as established all reasonable inferences tending to support the decision. United States v. Dugan, 477 F.2d 140 (8th

Cir. 1973); United States v. Henson, 456 F.2d 1045 (8th Cir. 1972).

2. See, *e. g.*, Schmidt v. United States, 482 F.2d 561 (8th Cir. 1973); United States v. Munns, *supra*.