**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jack Delbert BUCKLEY, Defendant-Appellant.**

**No. 71-2227.**

United States Court of Appeals, Ninth Circuit.

Dec. 23, 1971.

---

Victor Sherman, of Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty. and Chief, Crim. Div., David H. Fox, Asst. U. S. Atty. and Asst. Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, BROWNING and CHOY, Circuit Judges.

**PER CURIAM:**

Appellant has been convicted of knowing failure to advise his draft board of an address at which mail could always reach him. 50 U.S.C.App. § 462; 32 C.F.R. §§ 1641.3, 1642.2.

On appeal, appellant challenges the sufficiency of the evidence to demonstrate guilty intent. The evidence was ample. Appellant registered with his local board in January, 1966, listing his parents' address as his own. He never notified his draft board of a change in his address. His board sent him a delinquency notice and an induction order in December, 1967, but neither reached him. In response to board inquiries his mother said: "He left home last year and I have no idea where he is. I have not heard from him in at least a year." Appellant's duty to keep his local board informed of his whereabouts was conspicuously set forth on his draft card and on a classification questionnaire he completed in February, 1966.

Appellant also contends that the evidence does not support a finding that he committed the offense within the time period covered by the terms of the indictment. The indictment charged appellant with failure to notify the board of address changes from January 17, 1968, to July, 1970. The board sent nothing to him during that period, apparently because its attempts to reach him in December, 1967, had been futile. Appellant's duty, however, was a continuing one and his dereliction continued into the specified period.

Appellant argues additionally that his board failed to follow a regulation requiring it to attempt to locate a delinquent registrant before turning his name over to the United States Attorney. 32 C.F.R. § 1642.41(b). The board did send letters of inquiry to every person whom Buckley had listed as a relative or person who would know his whereabouts.

Affirmed.