**UNITED STATES of America,**

v.

**Walter WILLIAMS, Defendant.**

**No. 73 Cr. 383–LFM.**

United States District Court,
S. D. New York.

Oct. 25, 1973.

Paul J. Curran, U. S. Atty., for the S. D.N.Y., New York City, for the United States; George E. Wilson, Asst. U. S. Atty., of counsel.

Robert Kasanof, The Legal Aid Society, Federal Defender Services Unit, New York City, for defendant; Larry S. Greenberg, New York City, of counsel.

MacMAHON, District Judge.

Defendant is charged with knowing failure to keep his local draft board advised of an address where mail would reach him, as required by Section 462(a) of the Military Selective Service Act of 1967, 50 U.S.C.App. § 462(a), and Regulation 32 C.F.R. § 1641.5.

Defendant waived his right to a jury trial, consented to a trial by the court, and the trial was held on August 16, 1973 on stipulated facts. Defendant then moved for dismissal on the ground that the prosecution had failed to prove guilt beyond a reasonable doubt.

It appears from the stipulation that defendant registered for Selective Service on November 16, 1970 with Local Board 19 at Kingston, N.Y., and gave his address as 7 Water Street, New Paltz, N.Y. A registration card was issued to him, but he lost it and another was issued on February 25, 1971. Defendant was classified 1–A on April 28, 1971 and soon thereafter received his notice of classification.

An order to report for his physical examination was mailed to defendant on May 23, 1972, but he did not report. A tracer letter, sent to the 7 Water Street address on June 16, 1972 was returned with a note from defendant's mother stating that she had not seen him in "several years" and had no idea where he was. An order to report on August 3, 1972 for induction was mailed to defendant on July 3, 1972. He failed to appear and tracer letters produced no responses. On September 25, 1972, defendant was reported as a violator and the FBI began an investigation to determine his whereabouts.

Defendant telephoned his mother from New York City in December 1972 but did not give his address. When she told him that she had received letters for him from Selective Service, he responded that he would take care of the matter the next time he came home, but on sub-

sequent inquiries defendant's mother was unable to furnish defendant's whereabouts.

On April 24, 1973, defendant appeared at his local board and filed the following written statement: "I was not here when mail came—could not send letter—did not know address in N.Y. If called will report." He still gave his address as 7 Water Street, New Paltz, N. Y. and never furnished his local board with a change of address any time before April 24, 1973.

The applicable regulation places upon the registrant the duty to keep his local board advised of the address where mail will reach him, 32 C.F.R. § 1641.3, and the applicable statute makes a registrant's knowing failure, neglect or refusal to comply with the regulation a crime. Section 462(a) of the Military Selective Service Act of 1967, 50 U.S.C.App. § 462(a).

■ Although defendant was not required by the regulation to report every move he made, he was continuously obligated to keep his local board advised of a current address. United States v. Read, 443 F.2d 842, 844 (5th Cir.), cert. denied, 404 U.S. 943, 92 S.Ct. 294, 30 L. Ed.2d 258 (1971). This address must be one where defendant genuinely intends to call for mail at reasonable intervals. United States v. Haug, 150 F. 2d 911 (2d Cir. 1945). The regulation is satisfied when the registrant provides a chain of forwarding addresses by which mail would be reasonably expected to reach him in time for compliance. Bartchy v. United States, 319 U.S. 484, 489, 63 S.Ct. 1206, 87 L.Ed. 1534 (1943).

■ Defendant has not met the requirements of the regulation. The lapse of six months between the time his mother said she had no idea where he was and the time when he called for his mail, and the lapse of four more months until he eventually reported to the local board demonstrate that the 7 Water Street address was neither a current address nor one where defendant called at reasonable intervals. Plainly, mail did not reach him there in time for compliance. Defendant did not furnish any forwarding address, nor chain of addresses, and, in effect, allowed the 7 Water Street address to become a dead letter box. That conclusion seems inescapable for even he admits that he was not there to receive mail. We find, therefore, that defendant failed to keep his local board advised of the address where mail would reach him.

■ Non-compliance with the regulation is not, in and of itself, sufficient to convict the defendant. Section 462(a) provides that the defendant must have "knowingly" failed or neglected or refused to perform his duty under the regulation. In Ward v. United States, 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711 (1953), rev'g per curiam 195 F.2d 441 (5th Cir. 1952), the Court held that the statute required proof of a "deliberate purpose on the part of the [defendant] not to comply" with the regulation. Was there such a deliberate purpose here?

■ Defendant was unquestionably on notice that it was his unshakable duty to keep his local board notified of an address where mail would reach him. This is shown overwhelmingly by the fact that he received two registration cards, a classification card and a classification questionnaire, all of which explicitly informed him that the law "requires you to notify your local board in writing, within ten days after it occurs of (1) every change in your address. . . ." Despite knowledge of his duty, he failed to keep his board properly advised. There is no evidence of any justifiable excuse. We think, therefore, that beyond a reasonable doubt defendant had a deliberate purpose not to comply with the statute.

The facts in this case are strikingly similar to those in United States v. Buckley, 452 F.2d 1088 (9th Cir. 1971). There, the defendant also listed his parents' address as his own and never notified the draft board of a change of address. He did not receive notices sent

segment

by the local board, and in response to inquiries by the board his mother said she had no idea where he was, just as the mother of defendant Williams replied in the instant case. The Court, in *Buckley*, held that these facts were sufficient to constitute guilty knowledge and intent. Accord, Gretter v. United States, 422 F. 2d 315 (10th Cir. 1970).

Accordingly, we find the defendant guilty on count one of the indictment.

The foregoing memorandum constitutes this court's findings of fact, in accordance with Rule 23, Fed.R.Crim.P.

So ordered.