**James Cornell KIDD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 9544.**

United States Court of Appeals Tenth Circuit.

Dec. 5, 1967.

Rehearing Denied Jan. 3, 1968.

Charles S. Scott, Topeka, Kan., for appellant.

James R. Ward, Asst. U. S. Atty. (Newell A. George, U. S. Atty., was with him on the brief), for appellee.

Before BREITENSTEIN, HILL, and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The jury found appellant-defendant guilty of violating the Universal Military Training and Service Act, 50 App. U.S.C. §§ 456(j) and 462, and he appeals from the sentence imposed. The claimed errors relate to the sufficiency of the evidence and the validity of the instructions.

At the time of his registration with the local draft board, defendant said that he was a conscientious objector because of his beliefs as a member of the Jehovah's Witnesses. He was classified 1–AO, a classification given those asserting exemption from combat training only. Later, at his request, the classification was changed to 1–O, which means that he was subject to civilian work in lieu of military induction. He was duly ordered to report for such work to the Kansas University Medical Center, but refused to do so on the ground that the acceptance of such work would conflict with his conscience because it would be an indirect help to the military.

Defendant, who was 19 years old at the time of the trial in 1967, asserts that he has been a minister of the Jehovah's Witnesses since 1959; that in the course of his training, he attended five meetings a week and was instructed how to carry on the ministry by going from door to door and holding Bible studies; that he worked 30 hours a week cutting grass, and that he also worked as a waiter. He testified that he thought that a 1–O classification meant that he was a minister.

■■ Objection is made to the failure of the court to submit to the jury an instruction that if the jury found the defendant to be a minister, the verdict should be one of acquittal. In Cox v. United States, 332 U.S. 442, 452–453, 68 S.Ct. 115, 92 L.Ed. 59, the Supreme Court held that the claim of no basis in fact for a selective service classification is to be determined by the trial court rather than by the jury. Here, the trial court made the determination, upheld the 1–O classification and rejected the claim for 4–D classification. We have examined the selective service file and agree with the trial court. Additionally, defendant did not appeal from the decision of the board. Defendant had previously sought and obtained a change from I–AO to 1–O. By his failure to exercise the rights available to him under the administrative procedure provided by Congress, he waived his right to question the validity of his classification in any subsequent proceeding. See Noland v. United States, 10 Cir., 380 F.2d 1016, 1017 and cases cited in note 1. The instruction was properly refused.

■■ The claim of belief that he had a classification as a minister goes only to intent. The court told the jury that this contention should be considered by them along with all the other evidence in the case in determining whether the defendant willfully and knowingly failed to comply with the order of his draft board to report for civilian work. The court also properly instructed the jury on the meaning of willfully and knowingly. The jury resolved the issue against the defendant. Its determination is supported by the evidence and the reasonable inferences therefrom.

Affirmed.