**Richard Daniel KOKOTAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16–68.**

United States Court of Appeals
Tenth Circuit.

April 4, 1969.

D. Kent Meyers, Oklahoma City, Okl. (Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., of counsel, with him on the brief), for appellant.

David A. Kline, First Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, Chief Judge, SETH, Circuit Judge, and CHRISTENSEN, District Judge.

SETH, Circuit Judge.

Appellant was convicted by a jury for knowingly failing to keep his local draft board informed of his current address, and for failing to comply with an order of his board to report and submit to induction into the Armed Forces, both in violation of Title 50 U.S.C.App. § 462. Upon conviction appellant was sentenced to a term of five years, and he has appealed.

The record in the case indicates that the appellant registered with his local board on September 11, 1961, and was classified as a conscientious objector. On January 23, 1964, he was reclassified III–A, dependency classification, which was renewed on September 7, 1965. This renewal included the express condition that it would expire on January 2, 1966. In January 1966 appellant was reclassified I–A, and notice of this change in classification was mailed to him. He asserted that he did not receive this notice, but the files of the board do not show that the notice was returned to them. About the middle of February 1966, appellant with his mother and two younger brothers left for Denver to enroll in a religious school, and he so informed his employer. Upon learning that he was unable to enroll in the school after approximately a week, the family moved on to many other parts of the country, from time to time doing missionary work.

On March 21, 1966, the local board sent the appellant at his Oklahoma City address an order to report for induction. The letter was returned unopened and was marked "Moved—no address." This was the last home address according to the board files that appellant had provided. The order was then remailed to the appellant's brother, who had been designated by appellant in his registration as the person who would always know his address. The brother informed the board that the family had moved and he had not heard from them. The brother, however, mailed the papers in care of General Delivery, Yuma, Arizona, upon uncertain information that the family might be there. The letter was returned unclaimed. The brother so advised the board and provided no other information. The board then sought the assistance of the United States Attorney.

The appellant urges several grounds for reversal, the first being that the Government did not satisfy the burden of proof as to Count 1 of the indictment, failing to provide an address, inasmuch as the local board did not attempt to locate the appellant by contacting his employer prior to reporting him to the United States Attorney. In support of this contention, appellant cites Ward v. United States, 195 F.2d 441 (5th Cir. 1952), *rev'd.* 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711, and Venus v. United States, 287 F.2d 304 (9th Cir.1960), *rev'd.* 368 U.S. 345, 82 S.Ct. 384, 7 L.Ed.2d 341. The cited cases were concerned with intent in general and with the pertinent regulation which in part reads as follows:

"(b) In endeavoring to locate and to secure the compliance of a delinquent prior to reporting him to the United States Attorney, the local board should contact the delinquent and the 'employer' or 'person who will always know' the delinquent's address, as shown on the Registration Card (SSS Form No. 1), or any other person likely to know his whereabouts * * *." (32 C.F.R. § 1642.41).

In Ward v. United States, the registrant was convicted of failing to provide the board with a current address. Attempts by the board to mail papers to Ward were frustrated in that the mailings to home addresses were returned marked "Not at address given," "Return to sender—moved—left no address," "Returned to sender," etc. It was undisputed however that Ward had as an alternative left the name and address of his employer. At the trial it was proved that he had received mail directed to such an address. The appellate court in Ward decided that the board had made adequate effort to locate Ward and that the requisite intent was shown by the trial record. The Supreme Court however reversed in a per curiam opinion which only stated that the record did not support the charge that there was a "deliberate purpose on the part of petitioner not to comply with the Selective Service Act * * *." (344 U.S. 924, 73 S. Ct. 494).

In Venus v. United States, cited by both parties, the appellate court held against the registrant convicted for knowingly failing to keep the draft board advised of an address where mail would reach him. A dissent stated that the evidence showed the registrant had provided a chain of forwarding addresses which were good. There thus appeared to be a basic difference in the evaluation of the facts. The Supreme Court summarily reversed (368 U.S. 345, 82 S.Ct. 384) without stating a reason but citing Ward v. United States, 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711. Thus we must assume that the record showed that an adequate address had been furnished to the board.

■ Thus in Ward and in Venus the record contained sufficient facts to show that a "good" address had been provided by the registrant. There are no such facts in the record before us, and it shows instead that the registrant failed to comply. The board, under the regulation above quoted, attempted to contact the registrant without success, and con-

tacted the "person who will always know" who did not always know. The appellant asserts here that the prosecution must fail because it did not show that the board then contacted the registrant's employer. The regulation states that the board contact one of the two sources mentioned other than the registrant—that is the employer *or* the person "who will always know." The record shows that this was complied with, and the board was not required to do more.

■ The second ground urged for reversal is that the trial court erred when it failed to sustain appellant's motion for acquittal because there was no substantial evidence to show that appellant "knowingly and wilfully" violated the Act. The appellant in support of this contention cites as authority United States v. Trypuc, 136 F.2d 900 (2d Cir. 1943). Ward v. United States, 195 F.2d 441 (5th Cir.), and Venus v. United States, 287 F.2d 304 (9th Cir.), considered above, are also pertinent here. In Trypuc however the registrant was given a new trial because the trial court had failed to submit to the jury the issue of whether the registrant had "knowingly" failed to keep the board advised of his current address. The record in the instant case shows that the trial judge adequately instructed the jury as to the meaning of "unlawfully," "wilfully," and "knowingly" and also as to the matter of intent. On the essential elements of Counts 1 and 2, the trial court instructed the jury as follows:

"* * * The essential elements of Count 1 of the indictment, each of which the government must establish beyond a reasonable doubt, are as follows:

"(1) That on or about February 1, 1966, the Defendant failed and neglected to keep his local board informed as to his current address, and

"(2) That the Defendant unlawfully, wilfully and knowingly failed and neglected to perform the duty required of him to keep his local board

informed as to his current address at the above time.

"* * * The essential elements of Count 2 of the indictment, each of which the Government must establish beyond a reasonable doubt, are as follows:

"(1) That on or about April 7, 1966, the Defendant failed and neglected to comply with an order of his local board to report for and submit to induction into the armed forces of the United States, and

"(2) That the Defendant unlawfully, willfully and knowingly failed and neglected to perform the duty required of him to report for and submit to induction into the armed forces of the United States on the above mentioned date."

The instructions were proper and pursuant thereto the jury decided the facts. We find no error on this point.

■ Appellant's third contention is that a judgment of acquittal as to Count 1 should have been sustained since the Government failed to prove that the alleged violation took place "on or about February 1, 1966." Appellant concedes that when the phrase "on or about" is used in an indictment in connection with a specific date which is intended to indicate the time the offense was committed, if the prosecution proves that the offense was committed within a few weeks of the date, the proof will be deemed sufficient to hold defendant responsible for the charge. Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L. Ed. 1162. But it is appellant's position in the instant case that the specific time the violation occurred was an ingredient of the offense, and therefore the general rule should not apply, and that the two-week period between February 1, the alleged date, and the date the appellant left Oklahoma City constituted such an interval as to take the case out of the general rule and support a motion for acquittal. We find the contention to be without merit inasmuch as "time" is not an element of the offense of failing to keep one's draft board notified of his current address. By his own testimony, the appellant admits to having left Oklahoma City about the middle of February without leaving a forwarding address. The offense was committed about two weeks after the specific date alleged in the indictment and therefore falls clearly within the rule set out in the authority cited above.

■ Further, the appellant argues that the local board's failure to report the appellant delinquent within the time prescribed by 32 C.F.R. § 1642.41 was grounds for sustaining appellant's motion for acquittal. The pertinent facts are that the appellant failed to report and submit to induction on April 7, 1966, and a Delinquent Registrant Report was not forwarded by the local board to the state director for transmittal to the United States Attorney until May 10, 1966, a period of thirty-three days. The regulations provide that if the local board makes a reasonable effort to locate a delinquent registrant, it may delay mailing the Delinquent Registrant Report for a period not to exceed thirty days.

The appellant cites no authority to sustain his contention that the local board's failure to literally follow the time schedule bars his prosecution. Johnson v. United States, 285 F.2d 700 (9th Cir.1960).

■ The final grounds urged for reversal is that the local board's reclassification of appellant to I–A from the previous classification of III–A and I–O had no basis in fact, and therefore the order to report for induction was void. Moreover the trial court erred in refusing to review the appellant's classification since the appellant should not have been required to exhaust his administrative remedies under Title 50 U.S.C.App. § 460(b) (3) as amended. It is beyond dispute that a selective service registrant has the burden of establishing his right to a particular exemption. Owens v. United States, 396 F.2d 540 (10th

Cir.1968); Fore v. United States, 395 F.2d 548 (10th Cir.1968); Olguin v. United States, 392 F.2d 329 (10th Cir. 1968); Nickerson v. United States, 391 F.2d 760 (10th Cir.1968). It is also well established that if a selective service registrant fails to challenge the correctness of his classification by exhausting administrative remedies, then he is pre-cluded from challenging the classification in a court proceeding except under exceptional and unusual circumstances. Mahan v. United States, 396 F.2d 316 (10th Cir.1968); Fults v. United States, 395 F.2d 852 (10th Cir.1968); Kidd v. United States, 386 F.2d 422 (10th Cir. 1967); Noland v. United States, 380 F. 2d 1016 (10th Cir.1967); Thompson v. United States, 380 F.2d 86 (10th Cir. 1967). Such unusual circumstances do not appear here to demonstrate that an exception to the rule should be granted. A review of the record reveals that the appellant was apprised that his classification of III–A would terminate on January 2, 1966; further, the local board reclassified the appellant I–A and mailed him notice thereof on January 11, 1966, which notice was never returned to the local board although the appellant denies receiving the notice. The appellant with his family then left the Oklahoma City area approximately a month later, leaving no forwarding address with either his employer or his brother, the one designated as the "person who would always know the registrant's address." Also it is significant that the appellant testified that although he did not learn of the fact that papers had been mailed to him from his local board until around June 1966, that upon learning that they had, he assumed that the papers were *induction orders* and further assumed he had lost his III–A dependency classification. Thereafter, appellant made no effort to contact the board nor take any steps to appeal his classification. He was apprehended by the federal authorities in February 1968. These facts, in our opinion, do not constitute grounds for relaxing the rule in the instant case.

Affirmed.