443 F.2d 842
 UNITED STATES of America, Plaintiff-Appellee,
v.
William Cushing READ, Defendant-Appellant.
No. 30708 Summary Calendar.*
*Rule 18, 5th Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, 5th Cir. 1970, 431 F.2d
409, Part I.
 United States Court of Appeals, Fifth Circuit.
 June 9, 1971, Rehearing Denied July 2, 1971.
 
 Jack J. Taffer, Miami, Fla., for defendant-appellant.
 Robert W. Rust, U.S. Atty., Richard A. Hauser, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 After a non-jury trial William Cushing Read, appellant, was adjudged guilty of knowingly failing to keep his local draft board informed of his current address in violation of 50 U.S.C.A. App. 462(a). The question presented upon his appeal is whether the evidence was sufficient to support the conviction.
 
 
 2
 The record in this case indicates that in 1965 appellant registered with his local draft board in Miami, Florida, giving his mailing address as 7475 Southwest 134th Street, Miami, Florida. On February 15, 1968, appellant's classification was changed from 1-S(H) to 1-A, and notice of this change was mailed to him at the 134th Street address. The letter, bearing the stamped notation 'Moved, left no address,' was returned to the local board. Across the face of the envelope was the following handwritten notation: 'Return to sender. Addressee has not resided at this address since Aug. '66. His address is somewhere on Oak Ave. in Coconut Grove, Fla.' On February 29, 1968, a tracer letter was sent to Mrs. O. B. Lee, whom appellant had designated to the board as the person who would always know his current address. The letter, marked 'address unknown,' was returned to the local board. The board continued its effort to locate appellant by writing to his mother, who resided in Atlanta, Georgia. She replied that she thought appellant was in Mexico, and stated that if she learned of his address she would forward it to the local board. In addition, she advised the board to contact appellant's father, who lived at the address appellant had given the board when he registered. In response to its letter to appellant's father, the board received the following reply: 'My son is at the present time in Mexico and I don't yet have his address. I expect to hear from him within the next week or ten days. I will forward his address to you as soon as I receive it * * *.'
 
 
 3
 On June 7, 1968, an order to report for an armed forces physical examination was sent to appellant at his original mailing address. The order, marked 'Moved, left no address,' was returned to the board. Subsequently, the board sent a current information questionnaire to appellant in care of his mother and requested her to forward it to appellant. The letter was forwarded to an address in East Point, Georgia, and then returned to the board stamped 'Address unknown.' In reply to a tracer sent to appellant's mother on May 29, 1969, the Board received the following response: 'I regret that I can not furnish you the information you asked for * * *.'
 
 
 4
 Appellant testified that during the period in question he lived on Oaxaca, Mexico; Quebec, Canada; Atlanta, Georgia; Washington, D.C., and New York City, and that he had mailing addresses in Quebec, Atlanta, and New York City. Periodically he returned to Miami, but while there he lived at addresses other than the one he had given the board. At no time during the period in question did he contact his local board.
 
 
 5
 A registrant is not required, of course, to remain at the address he furnishes his local board at the time he registers, nor must he report to the board every move he makes. He is required, however, to keep his local board informed of his current address. In Bartchy v. United States, 319 U.S. 484, 489, 63 S.Ct. 1206, 1208, 87 L.Ed. 1534 (1943), the Supreme Court stated that this duty 'is satisfied when the registrant, in good faith, provides a chain of forwarding addresses by which mail, sent to the address which is furnished the board, may be by the registrant reasonably expected to come into his hands in time for compliance.' After carefully viewing the evidence in the light most favorable to the Government together with the inferences that may fairly be drawn therefrom, Classer v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1944), we are unable to declare that the distrct court erred in its determination that appellant knowingly failed to provide a valid chain of forwarding addresses to his local board. See Gretter v. United States, 10th Cir. 1970, 422 F.2d 315; Kokotan v. United States, 10th Cir. 1969, 408 F.2d 1134. Accordingly, we affirm.
 
 
 6
 Affirmed.