UNITED STATES of America,
Appellee,

v.

Charles Cary CHUDY, Appellant.

No. 72–1704.

United States Court of Appeals,
Ninth Circuit.

March 7, 1973.

Theodore E. Orliss (argued), Los Angeles, Cal., for appellant.

David M. Fox, Asst. U. S. Atty. (argued), Elliott H. Kajan, Richard J. Trattner, Eric A. Nobles, Asst. U. S. Attys., and William D. Keller, U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and GOODWIN, Circuit Judges, and SKOPIL,* District Judge.

SKOPIL, District Judge:

Appellant was indicted on five counts of violating selective service regulations, 50 U.S.C. App. § 462. The jury acquitted him of the first two but convicted him of the third. The Government dismissed the last two. The third count charged the appellant with failing to keep his local board advised of the address where mail would reach him during the period of July 13, 1970, to January 7, 1971.

On February 16, 1966, appellant registered with his local board in Downey,

---

* The Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation.

California. On April 4, 1966, he gave the board his current mailing address, and R. C. Bryant, his grandfather, as the person other than a member of his household who would always know his address.

In November of 1969, the appellant left for Hawaii. In May, 1970, the draft board sent out a number of letters to different people trying to find him.[1] The board received replies stating appellant was often with his sister, Mrs. Bernard Wylie, 1130 Hassinger Street, Apartment No. 2D, Honolulu, Hawaii, and included the sister's telephone number.

In the interval, on May 18, 1970, the appellant completed a current information questionnaire and delivered it to the Honolulu draft board. It was received by his own board in California on May 20. He gave his address as Apartment No. 21, 264 Kaiulani, Honolulu, Hawaii. He indicated the person who would always know his address was his sister, Sandy Wylie, of 1120 Hassinger Street. He also gave the address of his employer, Kai Kahini, Hawaii Real Estate, Waikiki Suite 206, 667 Ala Moana, Honolulu, Hawaii.

On July 6, 1970, his board sent to the Kaiulani Street address an order to report for a physical examination. This order was returned by the post office. On July 14, the board sent a letter to appellant and another letter to his sister, both addressed to Apartment No. 20, 1130 Hassinger Street, Honolulu. The letter to appellant was returned to the board, although the one to his sister was not. On August 13, 1970, the board sent another letter to the sister requesting information about appellant. There was no response to this letter. Also on August 13, the board wrote the manager of the Kaiulani Street apartment, appellant's mother and his grandmother. The only response was from the two relatives who indicated they did not know appellant's whereabouts and did not know anyone who did.

On November 12, 1970, appellant was classified 1–A, and a letter informing him was sent to the Kaiulani Street address. It was returned by the post office. On November 23, another communication was sent to the Kaiulani Street address. It, too, was returned. On December 29, 1970, the board sent an order to report for induction to the Kaiulani Street address, and it was returned.

On February 23, 1971, appellant wrote the board inquiring about his draft status and gave a new address.

Count III of the indictment is based upon 32 C.F.R. § 1641.3, which provides in pertinent part:

"It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him."

There is no question that appellant did not and could not receive mail at the Kaiulani Street address during the period charged in the indictment. By his own testimony, he was there only a few weeks after having given the address to the draft board.

The failure to furnish the draft board with a home address does not constitute a violation of the regulation with which the appellant was charged. United States v. Munns, 457 F.2d 271 (9th Cir. 1972). A registrant is not required to report his every move to the board. He is required to provide a suitable means for being reached by the board. Bartchy v. United States, 319 U.S. 484, 63 S.Ct. 1206, 87 L.Ed. 1534 (1943); United States v. Ebey, 424 F.2d 376 (10th Cir. 1970).

The board never attempted to contact the appellant or his sister at the 1120 Hassinger Street address furnished by him. Instead, all mail went to the 1130 Hassinger Street address. It is impossible to conclude that mail would not have reached him at the 1120 Hassinger

1. The jury acquitted defendant of failing to provide the draft board with the address where mail would reach him during this period.

Street address in the absence of any evidence that mail was, in fact, sent to that address.[2] There was uncontradicted evidence that appellant was in frequent contact with his sister during this period.

 The Government contends that since it relied on the 1130 number supplied by others, it was excused from trying the 1120 number furnished by the appellant himself. We reject this proposition.

After the order to report for induction mailed to the appellant's home address was returned, the local board was required to contract the person who would always know the registrant's address, or his employer. During the period covered by the indictment, 32 C.F.R. § 1642.41(b) was in effect.[3] It provides in pertinent part:

> "In endeavoring to locate and to secure the compliance of a delinquent prior to reporting him to the United States Attorney, the local board should contact the delinquent and the 'employer' or 'person who will always know' the delinquent's address, . . . or any other person likely to know his whereabouts."

The board must make some compliance with this regulation. United States v. Buckley, 452 F.2d 1088 (9th Cir. 1971); *cf.* Kokotan v. United States, 408 F.2d 1134 (10th Cir. 1969). Here, the board did not attempt to contact either person at the addresses given by defendant. The board did contact other persons likely to know defendant's whereabouts; however, these efforts appear to be legally insufficient. Ward v. United States, 344 U.S. 924, 73 S.Ct. 494, 97 L. Ed. 711 (1953), reversing per curiam 195 F.2d 441 (5th Cir. 1952). See also Venus v. United States, 368 U.S. 345, 82 S.Ct. 384, 7 L.Ed.2d 341 (1961), reversing per curiam 287 F.2d 304 (9th Cir. 1960).

 The court below instructed the jury that the law required appellant to furnish the board with his home address. While this is true, the reference is to a different regulation, 32 C.F.R. § 1641.7(c), the violation of which was not charged in the indictment. United States v. Munns, *supra*; United States v. Neilson, 471 F.2d 905 (9th Cir. 1973). It is possible that the jury may have been confused by this instruction.

The judgment is reversed.

---

2. The sister did not testify.

3. This regulation, along with the rest of part 1642, was revoked effective December 10, 1971, 36 Fed.Reg. 23383 (1971).