**UNITED STATES of America,
Plaintiff,**

v.

**Willie Earl YOUNG, Defendant.
No. 73 Cr 180(4).**

United States District Court,
E. D. Missouri, E. D.

Feb. 7, 1974.

is innocent of the offense charged in the subject indictment. In support of this general finding and conclusion the following specific findings and conclusions are made:

Donald J. Stohr, U. S. Atty., Thomas E. Loraine, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Francis L. Ruppert, Clayton, Mo., for defendant.

## MEMORANDUM

NANGLE, District Judge.

The defendant Willie Earl Young is charged by indictment with violating 50 U.S.C. App. § 462. The indictment charged

That on or about the 11th day of January, 1971, in the City of St. Louis, in the State of Missouri, and within the Eastern District of Missouri, Willie Earl Young, the defendant, willfully and knowingly did fail and neglect to perform a duty required of him under and in the execution of the Universal Military Training and Service Act, and the rules, regulations and directions duly made pursuant thereto in that he did fail to keep his local Board notified of his current address, in that said defendant's Current Information Questionnaire was returned marked "Moved—Left No Address".

The action was tried to the Court sitting without a jury on November 23, 1973 during which trial the defendant was present represented by counsel. The only evidence offered by the United States was the local draft board's file on the defendant and oral testimony authenticating the file. Following the filing of memoranda by the parties the action was taken under submission by the Court.

After carefully considering the premises of the action the Court finds and concludes, generally, that the defendant

## FINDINGS OF FACT

1. The sole witness to testify in this action was Mrs. Geraldine M. Smith, at time of trial the Supervisory Executive Secretary for nineteen Selective Service System local boards, including local board No. 111. She brought to Court the file kept on the defendant by local board No. 111, St. Louis, Missouri. Mrs. Smith has been employed by the Selective Service System in varying supervisory capacities since August, 1961. From July 1, 1971 to July 1, 1973, when she assumed her current position, she did not have custody of the defendant's file. However, in her current position she has supervisory authority over the persons who now have custody of defendant's file.

2. Defendant's selective service file,[1] offered in evidence *in toto* by the United States, is the complete record maintained by local board No. 111 on the defendant.

3. Defendant first registered with the Selective Service System at local board No. 111 on December 9, 1963 at which time he gave his name as Willie Earl Young. His present address was given as 5632a Maple, St. Louis, Missouri 63112.[2] He named Claudine Culperson ("Culperson" is also spelled "Culberson" in the various exhibits), 5623a Maple, his mother, and Emmet Young, 2349 Division, an uncle, as persons who would always know his address. (Exh. 63).

4. On August 5, 1965 defendant executed a Current Information Questionnaire, form No. 127, whereon he gave the name of Claudine Culberson as the person who would always know his address. His current mailing address was

---

1. The contents of this file consists of papers enumerated 1 through 63, excluding the surrounding coversheet. Subsequent references to exhibits will use this enumeration.

2. Unless otherwise specified, further references to addresses will be in the St. Louis, Missouri, area.

listed as 5502 Maple. (Exh. 2). On August 27, 1965 defendant was re-classified I–A. He had been classified I–A on February 11, 1964. (Exh. 1, last page).

5. On October 14, 1965 defendant executed a Current Information Questionnaire listing his current mailing address as 5632 Maple. (Exh. 4). On November 9, 1965 defendant was re-classified III–A. (Exh. 1, last page).

6. On April 20, 1966 a Dependency Questionnaire, form No. 118, was mailed by the local board to defendant at 5632 Maple. This form was returned to the board on April 29, 1966, executed by defendant and his wife, Revonne Young. Thereon the address of both was listed as 5502 Maple. (Exh. 5).

7. On April 17, 1967 a Dependency Questionnaire was mailed to defendant at 5502 Maple. (Exh. 6A). This form was returned to the board unexecuted on April 19, 1967 bearing the notation "Addressee unknown". (Exh. 6). A letter dated April 19, 1967 (Exh. 7) was sent to Mrs. Emily Ware, 2311 Dickson, requesting where the local board might contact defendant. No answer was made to this letter. (Exh. 1, last page).

8. On June 6, 1967 defendant was re-classified I–A. (Exh. 1, last page). Notice of this classification was mailed to defendant at 5502 Maple. (Exh. 8). The notice was returned by postal authorities with the sending envelope bearing the notation "Addressee unknown". (Exh. 9).

9. On June 21, 1967 someone in the local board office telephoned Emmet Young. During this telephone call the board was advised by "Mrs. Young" that she did not know where defendant was living but stated that his mother was still at 5632a Maple. The board's caller spoke with defendant's mother who gave 4612 Washington Avenue as the residence of defendant and his wife. The board was also advised that defendant was working for the Star Service Station. (Exh. 10).

10. On July 6, 1967 an order to report for physical examination on August 1, 1967 was mailed to defendant at 4612 Washington Avenue. (Exh. 11). On August 1, 1967 defendant executed a Current Information Questionnaire in the local board No. 111 office. On this form he gave 4612 Washington as his current mailing address. (Exh. 13).

11. On March 28, 1968 the board mailed defendant a Family Status Affidavit. (Exh. 1, last page). It was returned to the board by the postal authorities on April 1, 1968 with the notation "Moved, left no address". (Exh. 14). By letter dated April 25, 1968 the board requested defendant's current address from Mrs. Claudia Culberson, 5632 Maple. (Exh. 16). This letter was returned to the board on May 6, 1968 with "5641 Waterman # 2C" noted thereon. (Exh. 17).

12. On August 12, 1968 an order to report for physical examination was mailed to defendant at 5641 Waterman 2–C. (Exh. 19). He failed to report. (Exh. 1A). There is no evidence that the induction order was returned to the board without having been delivered to the defendant.

13. Defendant was mailed an order to report for induction on November 8, 1968. (Exh. 21). He failed to report, (Exh. 1A), and the United States Attorney was so notified. (Exh. 22). Upon defendant's subsequent indication that he was willing to report for induction, prosecution was declined. (Exh. 28).

14. On February 27, 1969 defendant executed a Current Information Questionnaire in local board No. 111's office, listing 5180 Enright as his current mailing address. (Exh. 26).

15. By letter dated April 2, 1969 mailed to 5180 Enright the defendant was ordered to report for induction on April 11, 1969, (Exh. 29). He did not report. (Exh. 1A).

16. On May 14, 1969 defendant appeared in the local board office and executed a Current Information Questionnaire advising the board that his current mailing address was 5588 Wartman (sic), Apt. 203. (Exh. 33).

17. By letter dated May 16, 1969 addressed to 5588 Waterman the board sought to advise defendant that the board members agreed to re-classify him III–A at the June meeting. (Exh. 35). This letter was returned to the board on May 21, 1969 with its envelope marked "Addressee unknown". (Exh. 35A).

18. On May 29, 1969 defendant personally reported to the local board office and was advised of the May 16 letter. He orally gave his residence as 5588 Waterman, Apt. 203. (Exh. 36).

19. On March 3, 1970 defendant executed a Dependency Questionnaire giving "5588 Waterman # 203" as his address. (Exh. 38).

20. On January 4, 1971 the local board mailed defendant a Dependency Questionnaire, using the 5588 Waterman address. (Exh. 42). This questionnaire was returned to the board on January 11, 1971 with the following notation on the envelope: "Moved—left no address". (Exh. 39).

21. By letter dated January 12, 1971 the board requested of Mrs. Claudine Culperson, 5180a Enright, the address of defendant. Mrs. Culperson responded that defendant's address was 586 Holly, Apt. 3, St. Paul, Minnesota 55101. (Exh. 41). The board mailed the Dependency Questionnaire to the Minnesota address on January 18, 1971. (Exh. 1B).

22. On February 1, 1971 the January 4, 1971 Dependency Questionnaire was executed by defendant and returned by mail to the local board. (Exh. 42).

23. On February 11, 1971 defendant was reclassified I–A. (Exh. 1B). On February 25, 1971 an order to report for physical examination was mailed to defendant at the Minnesota address. (Exh. 43). He failed to report and on April 14, 1971 an order to report for induction was mailed to defendant at the Minnesota address. (Exh. 44). He again failed to report. (Exh. 1B).

24. By letter dated December 22, 1971 defendant was directed to report for induction. (Exh. 54). He failed to report on January 13, 1972. (Exh. 1B). However, defendant did present himself for induction on January 18, 1972 in Minneapolis, Minnesota, in response to the December 22, 1971 letter. However, before the day was out he left the induction facility. (Exh. 58).

## CONCLUSIONS OF LAW

During the trial of this action defendant made objections relating to (1) the subject indictment, (2) the Selective Service System regulations for violation of which defendant is being prosecuted, (3) evidence of other violations of the regulations, and (4) the admissibility of certain documents found in defendant's local board file.

## THE INDICTMENT

The specific charge against defendant was that his "Current Information Questionnaire was returned marked 'Moved—Left No Address' ". The Government acknowledges the variance between the specific charge and the facts relied upon to prove it, see, Finding No. 20, *supra*, which involved a Dependency Questionnaire, not a Current Information Questionnaire. The Government argues that the denomination of the subject form is surplusage and that an important element in the government's proof is the fact that the form, however denominated, was returned to the local board. The Court agrees, noting that the form is adequately identified in the indictment as relating to January 11, 1971. Yates v. United States, 404 F.2d 462 (1st Cir. 1968). The indictment charged the defendant with violating 50 U.S.C. App. § 462 by failing to keep his local draft board notified of his current address. The specific statutory duty is established by 50 U.S.C. App. § 465(b) and applicable regulations prescribed pursuant to 50 U.S. C. App. § 460(b)(1). The following two regulations found in Part 1641 of Title 32 (Revised as of January 1, 1971),

Code of Federal Regulations, are applicable:

(1) § 1641.3 *Communication by mail.* It shall be the duty of each registrant to keep his local board advised at all times of the address where mail will reach him . . .

(2) § 1641.7 *Reporting by registrants of their current status.*

(a) It shall be the duty of every classified registrant to keep his local board currently informed of his . . . home address . . .

The Court is of the opinion that the offense charged in the indictment is a violation of § 1641.3 *and not of § 1641.-7(a).* Clearly, § 1641.3 refers to a *mailing* address, and § 1641.7 refers to a *home* address or place of *residence.* These regulations establish different obligations. "A registrant might provide the board with a mailing address and still fail to keep the board informed of his home address". United States v. Munns, 457 F.2d 271, at 273 (9th Cir. 1972), cert. den. 409 U.S. 871, 93 S.Ct. 199, 34 L.Ed.2d 121 (1972). By its reference to the January 11, 1971 return of the local board's questionnaire with the postal notation "Moved—Left No Address", the indictment clearly indicates that the "current address" defendant failed to provide was a *mailing* address as required by § 1641.3.

### THE EVIDENCE

The evidence adduced at trial establishes that on January 4, 1971 the local board mailed defendant a Dependency Questionnaire to the address given by him on March 3, 1970. The questionnaire was returned to the board on January 11, 1971 undelivered. However, on January 12, 1971 the board enquired of Mrs. Culperson where defendant could be contacted. She gave the board the defendant's Minnesota address and through this address the board contacted defendant.

In United States v. Burton, 472 F.2d 757 (8th Cir. 1973), the Court of Appeals reversed the Count II conviction of defendant for violating 32 C.F.R. § 1641.3, and ordered a judgment of acquittal. The factual record in *Burton* is not fully set out in the appellate opinion but the Court did state that

the evidence showed that the defendant had furnished the board with the address of his mother as the person who would always know his whereabouts. It also showed that the board had not attempted to contact the mother in order to reach the defendant. In view of the cases cited above, *the defendant was entitled to rely on his mother's address to meet his duty of informing the board of "the address where mail will reach him".* (emphasis added).

472 F.2d *at* 763. Defendant Young also had given the board his mother's address. The board did contact her and through the address given by her was able to reach defendant. The Government seeks to distinguish *Burton* on the grounds that the facts as set out in *Burton* do not indicate whether Burton ever changed his home address. Even assuming that the record in *Burton* would indicate that he did not so change his home address as Young did herein, still "[§ 1641.3] [does not] require a registrant . . . to remain at one place or to notify the . . . board of every move or every address, even if the address be temporary". Bartchy v. United States, 319 U.S. 484, at 488, 63 S.Ct. 1206, at 1208, 87 L.Ed. 1534 (1943). *Cf.* United States v. Ebey, 424 F.2d 376, 377 [10th Cir. 1970]; *e. g.* United States v. Chudy, 474 F.2d 1069 (9th Cir. 1973). *See also,* Ward v. United States, 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711 (1953), rev'ing 195 F.2d 441 (5th Cir. 1952); *and see,* Venus v. United States, 368 U.S. 345, 82 S.Ct. 384, 7 L.Ed.2d 341 (1961), rev'ing 287 F.2d 304 (9th Cir. 1960).

It appears to the Court that the duty required by § 1641.3 was accomplished by the defendant by his listing the name of Mrs. Culperson and her address as

the person who would always know his address. It further appears that the purpose of the regulation was accomplished when the board did in fact contact defendant by mail through the address given by her. Consequently, the proof does not support the charge in the indictment. Nothing more remains for decision in this action.