502 F.2d 553
 UNITED STATES of America, Plaintiff-Appellee,
v.
Sylvester WRIGHT, Defendant-Appellant.
No. 74-1590 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Oct. 18, 1974.
 
 J. V. Eskenazi, Federal Public Defender, Charlene H. Sorrentino, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.
 Robert W. Rust, U.S. Atty., Joel C. Fanning, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sylvester Wright was convicted under two counts of Selective Service violations, Count I, knowing failure to keep the local board advised of his home address, and Count II, knowing failure to keep the board informed of addresses where mail would reach him, both in violation of 50 U.S.C. App. 462. He received three-year concurrent sentences. The crux of Wright's case on appeal is that the court erred in giving jury instructions which presupposed that he had in fact changed his home address and acquired a new home address which he failed to give to his board, whereas the jury could have concluded that he never changed his home address but intended to and did retain the original home address given to the board.
 
 
 2
 Under the regulations in effect during the relevant time, a registrant was under two separate duties with respect to addresses. Under 32 C.F.R. 1641.7 (1972), Wright was required to keep his local board currently advised of his home address, and under 1641.3 advised of the address where mail would reach him. The home address and the mailing address may be but are not necessarily the same. If a registrant is in fact not at the mailing address given to the board, his duty with respect to a mailing address can be met by his providing (without notice to the board) a chain of addresses by which mail sent to the given mailing address may reasonably be expected to come into his hands in time for his compliance. Wright never supplied the board with any mailing address other than the home address. The form directed to him by the board asking for a current mailing address was mailed to the home address but never returned to the board. An intent on Wright's part not to change his home address during the time that he was staying first one place and then another did not free him of his duty to inform the board of a place where mail would reach him. Presumably, giving the home address will satisfy the requirement of a mailing address if the home is where mail will reach the registrant, or if mail sent there can reasonably be expected to timely come in the registrant's hands.
 
 
 3
 Wright testified that he stayed in touch with his father who resided at the home address, and who, at least part of the time, brought his mail to him. Even if such an informal mode of 'forwarding' mail would be sufficient to meet the 'chain of forwarding address' substitute for a current mail address given to the board, the jury was not required to accept as ture Wright's testimony that such an arrangement existed. A federal agent testified that when arrested Wright told government agents that he had never received any mail sent to him by Selective Service. The jury could accept this version as credible and, on the basis thereof plus the fact that no response was ever received by the board, could conclude that no forwarding arrangement existed. Thus the jury could find the mailing address requirement was not complied with. The jury was properly instructed concerning Count II, the mailing address count. Thus the conviction under that count was free of reversible error. Under the concurrent sentence doctrine we need not review the claim of error relating to instructions on Count I, the 'home address' count. The conviction is, therefore, affirmed.