UNITED STATES of America,
Appellee,

v.

Steven Douglas MALDE,
Defendant-Appellant.

No. 74–1327.

United States Court of Appeals,
First Circuit.

Argued Jan. 5, 1975.

Decided March 25, 1975.

Owen S. Walker, Boston, Mass., by appointment of the court, with whom Choate, Hall & Stewart, Boston, Mass., was on brief, for appellant.

Charles E. Chase, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Defendant appeals from his conviction under an indictment which charged him with "unlawfully, knowingly and wilfully fail[ing] and neglect[ing] . . . to keep his local draft board advised of the address where mail would reach him," in violation of 50 U.S.C. App. §§ 462(a), 465(b) (1970) and pertinent federal regulations.[1] He argues that his motion for acquittal should have been granted. The evidence showed that Malde's local board attempted unsuccessfully to reach him by mail, that the board then contacted his employer and the school which he was last known to have attended, and that both of these contacts proved fruitless in reaching Malde. At the close of the government's case the evidence also established that the local board had not attempted to contact one Karl Neilsen, 829 52nd Street, Brooklyn, N. Y., whose name and address defendant had entered on his registration card (SSS Form 1-A) in answer to the question, "Name and

---

1. There was confusion in the district court regarding what violation Malde was charged with. The indictment covered a period "from on or about January 5, 1971, to on or about August 7, 1973," and during at least part of that period there were two separate duties imposed on defendant regarding his addresses— to keep the local board advised both "of the address where mail will reach him," see 32 C.F.R. § 1641.3 (1971), as amended, 32 C.F.R. § 1641.1(a) (1974) (effective Sept. 2, 1972, see 37 Fed.Reg. 17963, 17966 (1972)), and "of his home address," see 32 C.F.R. § 1641.7(a) (1971), repealed, 37 Fed.Reg. 5125 (1972) (effective March 11, 1972). The court gave the jury instructions about the mailing address regulation, paraphrasing 32 C.F.R. § 1641.3 (1971), and about the home address regulation, paraphrasing 32 C.F.R. § 1641.7(a) (1971). The quoted language from the one-count indictment makes it clear that defendant was not charged with knowing failure to keep his local board advised of his home address. Thus the defendant's objection that the home address instruction was prejudicial is well-taken. United States v. Munns, 457 F.2d 271, 273 (9th Cir.), cert. denied, 409 U.S. 871, 93 S.Ct. 199, 34 L.Ed.2d 121 (1972). See also United States v. Wright, 502 F.2d 553 (5th Cir. 1974); United States v. Rauch, 491 F.2d 552, 554–55 (8th Cir. 1974); United States v. Secoy, 481 F.2d 225, 226 (6th Cir. 1973); United States v. Chudy, 474 F.2d 1069, 1071 (9th Cir. 1973). But since we accept his acquittal argument, a new trial will not be required.

address of person other than a member of your household who will always know your address." The defendant's theory, argued to the court below in memoranda both before and after trial, is that this violated 32 C.F.R. § 1642.41(b) (1971), which stated in relevant part:

"In endeavoring to locate and to secure the compliance of a delinquent prior to reporting him to the United States Attorney, the local board should contact the delinquent and the 'employer' or 'person who will always know' the delinquent's address, as shown on the Registration Card (SSS Form No. 1), or any other person likely to know his whereabouts. . . ." [2]

The argument is that the courts have construed at least the first "or" to be "and," thus imposing a requirement to attempt to locate a delinquent through both his employer and the person who will always know before initiating prosecution.[3]

■ We would state the issue somewhat differently. The regulation, while it was in force, only specified the means for initiating prosecution. *See* United States v. Cashion, 492 F.2d 42 (5th Cir. 1974). The real issue is the sufficiency of the evidence that the defendant failed to provide a good address where mail would reach him. That is the first element of the crime with which Malde was charged. *See* United States v. Davis, 506 F.2d 587, 590–92 (6th Cir. 1974). This duty is satisfied if the registrant, in good faith, provides the first link in a chain of forwarding addresses by which mail will seasonably reach him. Bartchy

v. United States, 319 U.S. 484, 488–89, 63 S.Ct. 1206, 87 L.Ed. 1534 (1943). The other element of the crime is that this failure was "knowing and wilfull," *i. e.,* that it was the result of a "deliberate purpose" not to comply with the Act and regulations. Ward v. United States, 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711 (1953), rev'g per curiam 195 F.2d 441 (5th Cir. 1952). Thus the question this case presents is whether the government has made out a prima facie case of failure to provide a good address if defendant's selective service file contains the name and address of one purported to "always know [his] address" but the government fails to show that it made any effort to trace defendant via that person. Stated differently the question is whether the government as part of its affirmative case must shoulder the burden of establishing that a reasonable effort was made to reach defendant through Neilsen.

■ We hold that the government had such a burden, and that in failing here to make any showing of inquiry to Neilsen it omitted an ingredient essential to establishing a prima facie violation of the statute. The burden to prove that the defendant committed a crime is on the government, and it must prove each element of the crime beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Since the duty to provide an address by which mail will reach a registrant is satisfied where the registrant provides alternative addresses that are efficacious, failure to comply with the law is not shown unless the alternative address is tried. "It is impossible to con-

---

**2.** Part 1642—and thus this regulation—was revoked effective December 10, 1971, and no corresponding regulation was substituted. *See* 36 Fed.Reg. 23373, 23383 (1971). As will appear shortly, however, the real issue is not compliance with the regulation; therefore its repeal is of little moment. *But see* United States v. Cashion, 492 F.2d 42 (5th Cir. 1974).

**3.** Defendant registered with the Selective Service System on July 17, 1968, identifying Neilsen on his registration card as his grandfather

and the person who would always know his whereabouts. His local board subsequently mailed him a classification questionnaire (SSS Form 100), in which he left blank the line asking for a person who would always know. This does not defeat the acquittal motion, however, because 32 C.F.R. § 1642.41(b) (1971) directed attention to the registration card to find the name and address of the person who would always know.

clude that mail would not have reached . . . [a registrant via an alternative] address in the absence of any evidence that mail was, in fact, sent to that address." United States v. Chudy, 474 F.2d 1069, 1070–71 (9th Cir. 1973).

We recognize that Malde's local board made an effort to reach him by contacting his employer and his last known school. But one would think that the *raison d'être* for the category "person other than a member of your household who will always know your address" is to provide a first source to contact if mail is ever returned. There are some administrative costs in requiring the local board to expend this effort to locate a registrant. However, we think the government has no business instituting criminal proceedings if it has not pursued such an entirely simple and obvious course. We add that the government need not prove exhaustive efforts in this regard. For example, to establish a prima facie case the government need only show, as it did in United States v. Secoy, 481 F.2d 225, 226 (6th Cir. 1973), that the board wrote to the individual said "always" to know of defendant's whereabouts and received either no reply or an unenlightening one.

The case law, while not entirely in point or uniform, lends support to this result. In *Davis, supra,* because of various rulings by the trial court excluding items from evidence, the record contained very little of probative value. It did have a Current Information Questionnaire filled out by Davis "in which he listed his current address . . ., the name and phone number of one who would always know his whereabouts . . ., his mother's address . . ., and his employer (with the name of a man to contact there)." 506 F.2d at 592. The record also showed three letters mailed by the board to the address Davis gave but it did not show why they were

returned. There was evidence that the board called those persons Davis listed, but no evidence whether they "were actually contacted, whether they advised the caller of the appellant's whereabouts, whether they claimed no knowledge of his whereabouts, or whether they refused to give the board any information at all." *Id.* Lastly, the record showed that attempts were made to contact "friends," but the results of these attempts had been excluded. The court held Davis' motion for acquittal should have been granted, saying:

> "[T]he Government's proof failed to establish the first of the two standards to be met [failure to provide a good address] . . . . [I]t is impossible to conclude the evidence is sufficient to show that the alternate addresses given the board were not satisfactory or that the board met its duty to pursue the appellant through these addresses. . . . [T]he jury could only speculate, and a criminal conviction based solely on this quantum of proof cannot stand." *Id.* at 593 (footnote omitted).[4]

In United States v. Burton, 472 F.2d 757 (8th Cir. 1973), the defendant was charged with the same crime as Malde and raised the same argument he asserts here. The court held the motion for acquittal should have been granted:

> "[T]he evidence showed that the defendant had furnished the board with the address of his mother as the person who would always know his whereabouts. It also showed that the board had not attempted to contact the mother in order to reach the defendant. In view of the cases cited above, the defendant was entitled to rely on his mother's address to meet his duty of informing the board of 'the address where mail will reach him.' " *Id.* at 763.[5]

---

4. The court's clear statement that "the local board [must] be shown to have attempted contact with the registrant through persons such as family, friends, or employers, whose names have been furnished by the registrant. 32

C.F.R. § 1642.41(b)," 506 F.2d at 591, strongly supports defendant's claim for acquittal.

5. *Burton* was relied on by a different panel of the Eighth Circuit Court of Appeals which re-

The court did not say whether the defendant had provided the name of an employer or, if so, whether any attempt was made to contact that person.

In *Chudy, supra,* the board did not attempt to contact Chudy's employer or the person he gave as one who would always know his whereabouts at the addresses he gave, though the board did try to contact the latter, his sister, at another address. The board also tried to locate Chudy by contacting other persons likely to know his whereabouts, namely, his mother, his grandmother, and the manager of the apartment building at which Chudy last reported living. However, the court held these efforts legally insufficient, saying, "The board must make some compliance with [§ 1642.41(b)]." 474 F.2d at 1071. Yet if § 1642.41(b) meant what it said, it was satisfied, since the board had tried to contact "the delinquent and . . . other person[s] likely to know his whereabouts." This suggests not that "or" in § 1642.41(b) meant "and," but that the government failed to present a prima facie case. In United States v. Ramey, 503 F.2d 705 (4th Cir. 1974), the court relied on *Burton* and held Ramey had provided a good address by giving his mother's address. However, on their facts both *Chudy* and *Ramey* are not too helpful to Malde, because in those cases evidence tended to establish that the alternative address was efficacious in reaching the registrant. Thus they are not directly on point where there is no evidence about the alternative address other than that it was not checked.

In *Cashion, supra,* defendant raised the same claim Malde asserts here. Two members of the panel ruled that Cashion could not claim any benefit from § 1642.41(b) because the regulation had been repealed and his course of conduct as

shown by the evidence had continued past the date that regulation was revoked. Additionally, they ruled that the government could initiate prosecution after the repeal date even if the local board had not complied with the former regulation. Judge Thornberry concurred in the affirmance on the ground that the record showed the board had attempted to contact one or more persons whom Cashion's file listed as persons who would always know his whereabouts. Judge Thornberry's interpretation of the regulation strongly supports Malde's claim:

> "That regulation, while it was in force, required the local board to contact the 'person who will always know' the registrant's address, after an induction order mailed to the registrant had been returned to the board. . . . Where the board had not complied with the regulation, the inference might be drawn that the registrant could be reached through a 'person who will always know' his whereabouts, thus dispelling the notion that the registrant deliberately failed to apprise his board of an address where mail would reach him. . . ." 492 F.2d at 47.

Kokotan v. United States, 408 F.2d 1134 (10th Cir. 1969), is the case most adverse to Malde's claim. Kokotan claimed that the government failed to satisfy its burden of proof in that there was no evidence the board contacted his employer before reporting him to the U. S. Attorney. The court distinguished the cases Kokotan relied on as ones where the defendant proved he had furnished an adequate address to the board and held that the regulation, phrased in the disjunctive, had been satisfied. *Id.* at 1137.[6] If the issue in *Kokotan* is per-

---

versed the conviction in York v. United States, 495 F.2d 1146 (8th Cir. 1974). York had gone into the Canadian bush country and left his parents' address with the board. The prosecution did not show that the board mailed any notice to the address York gave. Since this was York's only address, these offbeat facts

present perhaps the starkest case for putting the burden on the government to prove that the "person who will always know" is an inefficacious address.

**6.** *See also Munns, supra* at 273. *Kokotan* can be distinguished by observing that it may be

ceived as one of construing the regulation, the case appears sound, but if *Winship* analysis is used the result may be questionable. In any event, we do not regard *Kokotan* as persuasive in this case. It was not the defendant's burden to prove he had provided a good address; it was the government's burden to prove he had not provided one.

Reversed.

less important to contact a registrant's employer than the person who will always know his whereabouts, but we do not find that very persuasive.