**Gerald Hardy ROBSON, III, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 75–1259.**

United States Court of Appeals, First Circuit.

Argued Nov. 6, 1975.

Decided Dec. 17, 1975.

---

David Rosenberg, with whom Rosenberg & Baker, Cambridge, Mass., was on brief, for appellant.

William J. Deachman, U. S. Atty., and W. H. D. Townley-Tilson, Asst. U. S. Atty., on motion to dismiss appeal and memorandum in support thereof.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

Petitioner appeals from the district court's denial of his motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 (1970). Petitioner's motion challenges the validity of his conviction under 50 U.S.C. App. § 462(a) for failing to keep his local draft board informed of his current address as required by 32 C.F.R. § 1641.3 (1971), *as amended*, 32 C.F.R. § 1641.1(a) (1974).

This case has an extensive prior history part of which is relevant to a disposition here. Previously petitioner was indicted for failure to report for induction, 50 U.S.C. App. § 462(a); 32 C.F.R. § 1632.14. The court, sitting without a jury, found petitioner had not received the notice of induction and, in an unpublished opinion, held he had not "knowingly and wilfully" failed to report, and acquitted him. Subsequently, petitioner was indicted for failing to keep his local board advised of his current address, the charge which has led to this appeal. He was tried by a jury and found guilty. Petitioner then appealed his conviction

and on March 28, 1972, in an unpublished opinion we affirmed.[1]

■ The government contends that petitioner cannot here avail himself of a § 2255 motion, first, because he is no longer in custody, and, second, because he has been released from the effect of the sentence by a presidential pardon.[2] However, neither claim is persuasive. It is uncontested that petitioner was imprisoned at the time he filed the § 2255 motion. This is sufficient "custody" to meet the jurisdictional requirement. *Hensley v. Municipal Court,* 411 U.S. 345, 352, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). Further, the fact that petitioner has been pardoned does not relieve him from all the disabilities of a conviction. His conviction may be considered at sentencing in any subsequent criminal proceeding, *Carlesi v. New York,* 233 U.S. 51, 34 S.Ct. 576, 58 L.Ed. 843 (1914), and may result in heavier penalties, *United States v. Morgan,* 346 U.S. 502, 512–13, 74 S.Ct. 247, 98 L.Ed. 248 (1954), or may be introduced to impeach credibility, *Richards v. United States,* 89 U.S.App.D.C. 354, 192 F.2d 602 (1951), *cert. denied,* 342 U.S. 946, 72 S.Ct. 560, 96 L.Ed. 703, *rehearing denied,* 343 U.S. 921, 72 S.Ct. 676, 96 L.Ed. 1334 (1952). In light of these adverse collateral consequences, the termination of petitioner's custody does not moot an action to review the validity of his criminal conviction. *See Carafas v. LaVallee,* 391 U.S. 234, 237–38, 88 S.Ct.

1556, 20 L.Ed.2d 554 (1968);[3] *see also Gosa v. Mayden,* 413 U.S. 665, 670 n. 3, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973).

■ The district court denied petitioner's § 2255 motion on the grounds that this court may already have considered the substance of his claims, although they were never explicitly briefed or argued in his prior appeal, and that, in any case, on a motion to vacate sentence he is barred from raising claims that could and should have been presented on direct appeal of the conviction. However, this holding overstates the limitations on a § 2255 motion. While it is true that "[o]n a motion to vacate sentence . . . we will not re-review grounds for relief previously considered and determined," *Dirring v. United States,* 370 F.2d 862, 864 (1st Cir. 1967), nevertheless "the rule is ' "not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent." ' " *Desmond v. United States,* 333 F.2d 378, 380 (1st Cir. 1964), *on remand,* 345 F.2d 225 (1st Cir. 1965). More importantly, constitutional issues not raised on the direct appeal from conviction are reviewable on a § 2255 motion. *Kaufman v. United States, supra.* And a petitioner is not precluded from raising in a § 2255 proceeding legal issues that were raised in a prior direct appeal and determined against him if there has been "an intervening change in

---

1. The grounds of the direct appeal were that the evidence did not warrant the verdict and that the court should not have permitted a particular government witness to testify.

2. After affirmance of his conviction by this court, petitioner was incarcerated briefly in the Lewisburg Federal Penitentiary and thereafter at the minimum security Federal Prison Camp at Allenwood, Pennsylvania. He left the latter facility without authorization and shortly thereafter surrendered to federal authorities in March, 1975. On April 7, 1975, he was arraigned on an indictment for escape, entered a plea of not guilty, and was returned to prison. While in prison petitioner filed the present § 2255 motion and also a petition for clemency with the Presidential Clemency

Board. On May 16, 1975, the district court released him on bail pending final disposition of the § 2255 motion. On May 26, 1975, the President granted him an unconditional pardon on his conviction. On July 28, 1975, the pending escape indictment was dismissed on the motion of the government.

3. Although *Carafas* involved an attack on a state court conviction via federal habeas corpus, § 2255 provides a remedy essentially identical in scope for those challenging a federal conviction and sentence. *United States v. Hayman,* 342 U.S. 205, 219, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *see Kaufman v. United States,* 394 U.S. 217, 221, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

law." *Davis v. United States,* 417 U.S. 333, 342, 94 S.Ct. 2298, 41 L.Ed.2d 109, (1974).[4]

Petitioner's claim in this action is that the judge's findings of fact in the nonjury trial in which he was acquitted of violating 50 U.S.C. App. § 462(a); 32 C.F.R. § 1632.14, constitute clear evidence that he was not guilty (despite a jury verdict to the contrary) of violating 32 C.F.R. § 1641.3 in light of applicable law and especially in light of *United States v. Malde,* 513 F.2d 97, decided by this court on March 25, 1975. In effect petitioner claims his due process rights have been violated because his conviction is based on a record that is devoid of evidence of guilt.

The Supreme Court has held that a registrant satisfies the duty of keeping his local draft board advised of the address where mail will reach him if, in good faith, he provides the first link in a chain of forwarding addresses by which mail will seasonably reach him. *Bartchy v. United States,* 319 U.S. 484, 489, 63 S.Ct. 1206, 87 L.Ed. 1534 (1943). And a registrant's noncompliance, in order to justify a conviction, must be the result of a "deliberate purpose" not to comply. *Ward v. United States,* 344 U.S. 924, 73 S.Ct. 494, 97 L.Ed. 711 (1953), *rev'g per curiam,* 195 F.2d 441 (5th Cir. 1952); *see Venus v. United States,* 368 U.S. 345, 82 S.Ct. 384, 7 L.Ed.2d 341 (1961), *rev'g per curiam,* 287 F.2d 304 (9th Cir. 1961). In *United States v. Malde, supra,* we held that in order for the government to make out a case of failure to provide a good address where a registrant's selective service file "contains the name and address of one purported to 'always know [his] address'" the government must show that it made an effort to trace the registrant via that person. 513 F.2d at 99. In light of these principles there would appear to be no bar to petitioner's motion to vacate sentence.

■ An examination of the findings of fact made by the district court in petitioner's previous trial clearly demonstrates that the government did not make any effort to contact petitioner through the names he had provided to his local board of persons he had said would "always know his address."[5] In light of this factual record there is no reasonable basis by which petitioner could have been found guilty of failing

---

4. However, a petitioner might be barred from bringing certain claims in a § 2255 proceeding if he has "deliberately bypassed" the opportunity to raise his claims on direct appeal. *See Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). No such circumstances obtain here.

5. In the nonjury trial on the charge of failing to report for induction the court found the following pertinent facts:

"[P]rior to 1968, [petitioner] had carefully complied with all the orders of his local" draft board.

On his 1963 classification questionnaire petitioner had given "the address of his grandfather . . . as the person other than a member of his household who would always know his address."

In response to a 1965 "current information questionnaire" petitioner "gave the name and address of his father, [a] Lieutenant Colonel . . . then stationed at Westover Air Force Base, Chicopee, Massachusetts, as a person who would always know his address."

In October, 1966 petitioner notified his board by telephone and by letter that he had moved to 270 Newbury Street, in Boston.

The petitioner "lacked actual knowledge of the induction order" mailed to 270 Newbury Street on October 4, 1968, because he had moved from that address on or about July 1, 1968.

Petitioner had not wilfully attempted to evade receipt of the notice since after he moved from 270 Newbury Street he "lived at ten different places in and around Boston between July of 1968 and early 1970," "all of them . . . temporary."

There was no evidence the local board made any attempt to contact petitioner's father at Westover Air Force Base "which was the latest address given for him by [petitioner] in 1965." Also the board made no effort to contact petitioner's grandfather although, the court noted, the FBI had subsequently contacted petitioner with no difficulty through information supplied by the grandfather.

*United States v. Robson,* Crim. No. 6940 (D.N.H., Oct. 15, 1970) (unpub. op.)

to keep his local board advised "of the address where mail will reach him" as required by 50 U.S.C. App. § 462(a); 32 C.F.R. § 1641.3. (1971). Consequently, petitioner's conviction was a violation of due process, *Thompson v. City of Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); *see Vachon v. New Hampshire,* 414 U.S. 478, 480, 94 S.Ct. 664, 38 L.Ed.2d 666,*rehearing denied,* 415 U.S. 952, 94 S.Ct. 1477, 39 L.Ed.2d 568 (1974); *Douglas v. Buder,* 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973); *Harris v. United States,* 404 U.S. 1232, 1233, 92 S.Ct. 10, 30 L.Ed.2d 25 (1971) (Douglas, J., in chambers); *Johnson v. Florida,* 391 U.S. 596, 598, 88 S.Ct. 1713, 20 L.Ed.2d 838 (1968) (per curiam); *Adderley v. Florida,* 385 U.S. 39, 44, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966); *Garner v. Louisiana,* 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961); and he is entitled to a hearing on his motion to vacate sentence.

*The judgment of the district court is accordingly reversed and the case remanded for appropriate action consistent with this opinion.*