**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 14 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

vs.

JUAN MANUEL ARVIZU,

 Defendant - Appellant.

No. 99-2108
(D.C. No. CR-97-428-HB)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before KELLY, MURPHY, and COOK[**], Circuit Judges.

Mr. Arvizu was convicted of possession with intent to distribute and conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). He was sentenced to 97 months imprisonment to be followed by four years of supervised release. Mr. Arvizu appeals his conviction, claiming that the district court erred in allowing the government to present evidence at his trial of a continuing

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable H. Dale Cook, Senior District Judge, United States District Court of the Northern District of Oklahoma, sitting by designation.

conspiracy outside the dates of the indictment.  Mr. Arvizu also argues that the district court erred when it enhanced his sentence by two levels for obstruction of justice pursuant to U.S.S.G. §3C1.1.  Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We affirm.

A.  Evidence of Ongoing Conspiracy

On March 20, 1997, Armando Rios (a co-defendant) was stopped at a border patrol checkpoint in New Mexico.  He consented to a search of his vehicle, which was found to contain over 500 pounds of marijuana.  Mr. Rios told DEA agents that he was supposed to deliver the marijuana to customers in California on behalf of Mr. Arvizu.  After his arrest, Mr. Rios agreed to make a controlled delivery to the customers, while remaining in telephone contact with Mr. Arvizu.  After making the delivery, Mr. Rios met with Mr. Arvizu on March 24, at which time he was paid for transporting the marijuana.  At that time, Mr. Arvizu made plans with Mr. Rios to have Mr. Rios transport a 1500 pound load of marijuana, using the same delivery method as before.

The conspiracy count of the indictment charged Mr. Arvizu in connection with activity occurring "[f]rom on or about the 16th day of March, 1997, until on or about the 20th day of March, 1997, said dates being approximate. . . ."  Mr. Arvizu argues that the district court erred in denying his motion in limine to exclude evidence of his involvement after March 20, specifically evidence

concerning his March 24 agreement with Mr. Rios to distribute an additional 1500 pounds of marijuana.  Mr. Arvizu contends that any discussion concerning another delivery is necessarily part of a second conspiracy, because the first conspiracy only included activities occurring until March 20.  Thus, he argues, the evidence should be excluded under Federal Rule of Evidence 404(b).

We review evidentiary rulings and rulings on motions in limine for an abuse of discretion.  See Davoll v. Webb, 194 F.3d 1116, 1136 (10th Cir. 1999). The district court did not reach the issue of whether the evidence was properly admissible under 404(b), finding that it was admissible on the basis of the indictment as direct proof of the conspiracy.  This was clearly correct because Rule 404(b) applies only to evidence of acts that are extrinsic to the charged crime.  See United States v. Green 175 F.3d 822, 831 (10th Cir. 1999).  In this case, evidence of another drug transaction was properly considered as direct evidence of the conspiracy.  See id.; United States v. Pace, 981 F.2d 1123, 1134-35 (10th Cir. 1992).

The fact that this occurred four days after March 20, 1997 is not an issue. In United States v. Charley, 189 F.3d 1251 (10th Cir. 1999) we wrote:

> We have stated that where, as here, time is not an element of the offense, and where "the phrase 'on or about' is used in an indictment in connection with a specific date . . . , if the prosecution proves that the offense was committed within a few weeks of the date, the proof will be deemed sufficient to hold [the] defendant responsible for the charge."

189 F.3d at 1272-73 (quoting Kokotan v. United States, 408 F.2d 1134, 1138 (10th Cir. 1969); see also United States v. Smith, 806 F.2d 971, 973-74 (10th Cir. 1986) (evidence sufficient to sustain conviction as long as activity occurred reasonably near the dates alleged in the indictment).  Because the new transaction occurred in such close proximity to the dates charged in the conspiracy, it is properly considered as direct evidence of the conspiracy.

   B.  Enhancement for Obstruction of Justice

   Mr. Arvizu objects to the district court's two-level enhancement of his sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1.  We review the district court's factual findings concerning enhancement under § 3C1.1 for clear error.  See United States v. Burch, 153 F.3d 1140, 1144 (10th Cir. 1998).  Certainly, the fact that Mr. Arvizu testified at trial and was later convicted does not automatically require a finding of perjury.  However, Mr. Arvizu did not simply deny involvement, he also concocted alternative reasons for things such as his use of pager codes and the purpose of payments to Mr. Rios, all of which the district court agreed was false.  The district court is in the unique position to observe the defendant at trial, and to decide at sentencing whether he gave perjured testimony.  See United States v. Yost, 24 F.3d 99, 106 (10th Cir. 1994).  Although Mr. Arvizu contends that the court failed to identify the perjurious statements with the requisite specificity, we find this argument to be without

merit. The district court specifically adopted the factual findings of the presentence report, one of which, paragraph 20, specifically enumerated the perjured testimony. This was sufficient. See United States v. Denetclaw, 96 F.3d 454, 459 (10th Cir. 1996). The district court's two-level enhancement was not clearly erroneous.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.

Circuit Judge